## ORTON vs. NOONAN and another.—First Appeal touching Garnishee Proceedings.

1. GARNISHMENT: (1, 2.) *Requisites of affidavit for attachment: Ch.* 200, *Laws of* 1864. (3–6.) *When court will discharge garnishee proceedings.—Practice in such cases.* (7, 8.) *When garnishee funds will be ordered to be paid into court.*
2. RECORD IN S. C.: (9.) *Supplementary return.—Identification of paper.*

1. It is *not* the law of this state that a plaintiff cannot resort to garnishment under the statute until he has asked the original defendant whether he has property subject to execution sufficient to satisfy plaintiff's demand, and what and where it is.
2. In an affidavit for garnishment under ch. 200, Laws of 1864, it is sufficient to state that affiant has reason to believe that the person named is indebted to defendant upon contract, or has property, etc., belonging to defendant, and that affiant has reason to believe, and does believe, that defendant has not property liable to execution sufficient to satisfy plaintiff's demand; and it is *not* necessary to state the fact, amount and nature of defendant's indebtness to plaintiff.
3. The circuit court has, however, an inherent power to control proceedings upon summary process, so as to prevent abuse.
4. Where an affidavit of the principal debtor is filed, stating that he is not indebted, etc., plaintiff should be required to furnish evidence to the contrary, at least by his own affidavit, in clear and express terms, of the existence of such indebtedness, or the proceedings should be discharged.
5. Where defendants seek to set aside proceedings in garnishment against their debtors, on the ground that they have sufficient property subject to execution to satisfy any judgment plaintiff can recover in the action, their affidavits must *specify* the property.
6. The party moving for such discharge should serve and file his affidavits therefor, with notice of motion; plaintiff should then be required to file his affidavits by a certain day, and the moving party should then have a specified time for filing further affidavits to controvert any new facts alleged.
7. The court *may* order the money or property in dispute to be paid or delivered by garnishee to the sheriff or clerk, or other officer, to be kept for the person who shall be found entitled thereto; and such order *should* be made where it appears there is danger of the property being lost or the debt becoming worthless.
8. But where it appears that such moneys have been paid to defendants by the garnishees, upon security or indemnity furnished by defendants, the latter are not injured by, and cannot complain of, a refusal to make such order.
9. The order of this court in a cause brought up on appeal from the decision of a motion, recites that it had been shown that the return already made therein by the clerk of the court below was "defective in not returning to this court the affidavit of the respondent read on the hearing of the motion;" and it requires said clerk to make immediate

return of the affidavit "on file below, read and used on the hearing of the motion." Thereupon said clerk certified and returned "in pursuance of the order" (a copy of which is annexed to such return), "a certain affidavit *therein referred to*, as the same was filed in his office" on a specified day, which was after the decision of said motion; and he further certified that the "affidavit referred to in the annexed order" did not come into his possession until the day specified. *Held*,

(1.) That the affidavit contained in such supplementary return is a part of the record in the cause.

(2.) That the return is sufficient *prima facie* proof that such affidavit was read and used at the hearing of the motion.

APPEAL from the Circuit Court for *Milwaukee* County.

This was an action (commenced in 1865) to recover of defendants certain water rents alleged to be due by the terms of a certain lease under seal. The damages were laid at $40,000. The complaint was not verified. The defendants claimed that the lease expired, by its terms, on the 8th of January, 1855, and demurred upon that ground to so much of the complaint as sought to recover rent on the lease for the time subsequent to that date. (See *ante*, p. 272.) While the demurrer was still pending at the circuit, to wit, on the first of April, 1868, the plaintiff commenced proceedings in garnishment against a number of persons, severally, debtors of one or both of the defendants. The affidavit for garnishment in each case stated: 1. That the action had been commenced, was then pending, and was founded upon contract. 2. That affiant had good reason to believe, and did believe, that A. B. (the person against whom garnishee process was sought) was indebted to one or both of the defendants upon contract, and had property, effects or credits "belonging to said defendants, or one of them, or defendant *Noonan*." 3. That affiant had reason to believe, and did believe, that the defendants had not, nor had either of them, property liable to execution sufficient to satisfy plaintiff's demand.

The notice of garnishment in each case required the party named to appear and answer before a court

commissioner.   Before they had answered, the defend-
ants to the original action filed in each case a motion
to dismiss the proceedings, on the ground that the
affidavit was insufficient to give jurisdiction, in that it
did not state that any sum was due from defendants to
the plaintiff.   These motions were overruled by the
commissioner.   After the garnishees had answered, each
admitting indebtedness to the defendants, and after the
commissioner's report was filed, defendants filed an
affidavit of *Mr. Noonan*, which stated, in substance:
1. That the lease on which the action was brought
expired January 8, 1855, and plaintiff had always
refused to renew and extend the same as required by
the covenant of renewal therein contained.   2. That
defendants were not indebted, nor was either of them,
to the plaintiff, upon said lease at the commencement
of the action or since, in any sum whatever, but on the
contrary the plaintiff then was indebted and liable in
damages to them upon the covenants of the lease in a
sum exceeding $40,000; and also in a further sum of
over $3,500 for moneys expended for the use of plain-
tiff, at his request, in repairs of the dam at said water-
power.   3. That defendants had, long before the com-
mencement of the action, fully paid all rent due under
the lease for the term therein specified, and had
always been ready and willing to pay all rents which
would have accrued under the lease for the extended
term, had plaintiff renewed the same, as it was his
duty to do, after deducting all just set-off and recoup-
ment against the same in consequence of the breaches
of the covenants in said lease on plaintiff's part.
4. That under pretext of the action a large amount of
the credits and business income of the defendants, or
of affiant, had been garnished, although plaintiff had
never testified or sworn, either in the principal suit
or in the affidavits for garnishment, that defendants
were, or that either of them was, indebted to him in
any sum whatever.   5. That defendants had, when the

garnishee proceedings were commenced, and still had, property liable to execution sufficient to satisfy a demand exceeding one hundred thousand dollars; and that plaintiff had no good reason to believe that they had not property liable to execution sufficient to satisfy any demand which he might have and be able to establish against them. 6. That affiant or defendants have no other security than the individual, several covenants and promises of said garnishees respectively, for their indebtedness to him or said defendants, and that said indebtedness is liable to be lost to him or the defendants if said proceedings are sustained, unless the court should order the garnishees respectively to pay into court, or into the hands of the sheriff forthwith, the sums then due from them respectively to the affiant or to defendants, and also to pay into court or to the sheriff, from time to time, such further sums as should become due from them respectively to affiant or defendants. An affidavit to the same effect by *Mr. McNab* was also filed. Upon these affidavits defendants moved the circuit judge at chambers to set aside the garnishee proceedings, or, if that were refused, for an order directing the garnishees to pay into court, or to the sheriff, the several sums due, or which should from time to time, during the pendency of the action, become due from them to the defendants or either of them.

The circuit judge having denied the motion at chambers, the defendants afterwards moved the court in open session to set aside its chamber order; and from an order denying this motion they appealed.

*I. P. Walker*, for appellants, argued that by ch. 130, R. S., a plaintiff, in order to garnish a defendant's debtors at all, must first procure a direct attachment against the defendant himself; and in order to procure this he was required (sec. 2) to make an affidavit stating that defendant was indebted to him, specifying the amount of such indebtedness, as near as might be,

over and above all legal set-offs, and that the same was *due* upon contract, express or implied, or upon judgment or decree ; that the proceedings in garnishment were simply auxiliary to or *a part of* the proceeding by attachment ; that since by that statute there could be no garnishment without such an affidavit, the provision of said ch. 130, requiring such affidavit, does " relate to the subject of garnishee," as well as to all other portions of the remedy by attachment provided by that chapter ; and that therefore the provisions of said section 2 are expressly made applicable to proceedings under ch. 200, Laws of 1864.   Counsel further argued, that any other construction of the act of 1864 would be productive of enormous injustice and oppression, and should therefore not be adopted without necessity.   2. Even if plaintiff's affidavit was not defective, the garnishee proceedings should have been dismissed upon defendant's motion.   (1.) The fact of indebtedness is the fundamental fact in all attachment proceedings.   In this case, as the fact is not alleged by the plaintiff, it could only exist in presumption ; but every such presumption is destroyed by the counter-affidavits.   (2.) The counter-affidavits assert, and the records prove, that plaintiff has no right to recover at all upon the lease sued on.   (3.) The counter-affidavits show that when the garnishments were instituted, defendants had, and that they still have, property liable to execution sufficient to satisfy plaintiff's demand. 3. We have no statute providing for a traverse of the facts alleged in an affidavit for garnishment.   Where this is the case, it is proper, under the general law and practice of this country relative to attachments, to move upon affidavits to dismiss.   A question as to the sufficiency of the plaintiff's affidavit can be raised at any time, and even collaterally. 19 Wis. 174.   4. The circuit judge should at least have directed the moneys garnished to be paid into court, which was alike to the interest of the plaintiff and the defendants, the

money being unsecured in the hands of the garnishees. R. S. ch. 130, secs. 41–43.

*J. J. Orton*, respondent, in person, argued that the foundation of proceedings in garnishment may be either the attachment proceeding provided for by ch. 130, R. S.; the execution provided for by ch. 134, R. S., as amended by ch. 249, Laws of 1862; or the mere commencement of an action on contract, as provided by ch. 200, Laws of 1864; and that the proceedings in this case were entirely regular under the last mentioned statute. 16 Wis. 95; 18 id. 31. 2. There is no provision of law for the payment of the moneys garnished to the sheriff or into the court. The provisions of ch. 130, R. S., are inapplicable. In this case the sheriff has no office to perform in the proceedings, as in case of an attachment or execution, and of course has nothing to do with money or property in the hands of the garnishee. The garnishee proceedings are incidental to the main action; and it would be premature for the court to take any action therein before the trial and disposition of the principal action. There is only one way the court can act in the premises; that is, in a proper case made under R. S. ch. 129, sec. 2. 16 Wis. 169. 3. The garnishee proceeding is an action, and must proceed as any other action. 16 Wis. 169. And the right of the defendants in the main action to interfere in the garnishee suit is denied. 4. If it was the duty of the court to order the money paid into court, should not the remedy be by *mandamus*, rather than by appeal?

The following opinion was filed December 31, 1869. PAINE, J., having been of counsel for one of the parties, took no part in the decision.

DIXON, C. J. I cannot agree with the learned counsel for the defendants in the construction which he seeks to establish for the act of March 14, 1864—

Laws of 1864, ch. 200. He contends that before the process of garnishment therein provided for can lawfully issue, there must be an affidavit made and filed in the proceeding, stating that the defendants in the principal action are indebted to the plaintiff in such action in a certain sum over and above all legal setoffs, etc. The substance of his proposition is, that the general provisions of sec. 2, ch. 130, R. S., respecting the fact of indebtedness and its nature and amount, required to be stated in an affidavit for a writ of attachment, are applicable to and should be required in the affidavit for the process of garnishment authorized by the act, or else that a separate affidavit to the same effect should be made and filed. Now, while I may fully agree with the counsel as to the propriety of requiring such affidavit, and even security to be given by the plaintiff, before the property and effects of the defendants should be thus summarily seized and sequestered in the hands of their debtors, and as to the wrong and injustice which may be done if such affidavit be not required, I still can find nothing in the act which would justify such construction. The argument may be a good one to address to the legislature, but not to this court. The language of the act is very plain, that in an action in the circuit court founded upon contract, the plaintiff, by making and filing the affidavit therein prescribed, shall be entitled to the process. And the words of the act upon which counsel relies, namely, the last paragraph of the second section, clearly refer only to that portion of chapter 130 "relating to the subject of garnishee." It is expressly so stated, and the other portion of chapter 130, relating to the process of attachment, properly so called, is not referred to nor made applicable under the act.

But the evils to be anticipated, and which counsel urges must result from this construction, will be greatly diminished, if not entirely removed, provided the

second position taken by him be correct. That position is, that the court, without the aid of any express statutory provision, has a general power to control and regulate the proceeding upon summary process of this nature, so as to correct or prevent any abuse or misuse of such process, and that the defendant may, in some proper form, contest the truth of the grounds alleged by the plaintiff for obtaining it. I have examined the authorities upon it, and am satisfied that the position thus taken by counsel is correct and should be sustained. It has been so decided by the courts in a number of the states with respect to the process of attachment given by statute as a summary remedy in certain cases. The principle is equally applicable to the process of garnishment here given, which is in itself a kind of attachment. One of the earliest cases of the kind is *Lenox v. Howland*, 3 Caines' R. 257, where the court said : " We do not think that because the statute points out a particular mode by which a *supersedeas* may be obtained, we are ousted of jurisdiction in this state of the case. We conceive that, from the general superintending power of this court, we have a right to examine whether the attachment has not improvidently issued, and, on this ground, review the order of the judge by whom it was directed." And this decision has been followed in that state in numerous instances both before and since the code of procedure. *Ex parte Chipman*, 1 Wend. 66 ; *In the matter of Warner*, 3 Wend. 424 ; *McQueen v. Middleton Man. Co.*, 16 Johns. 6 ; *Genin v. Tompkins*, 12 Barb. 265 ; *Morgan v. Avery*, 7 Barb. 656. In the latter case it was said : " So far as the attachment is concerned, it is process, and over its process the court has necessarily a control, lest it be abused or perverted to purposes of oppression. That control is exercised, according to the course and practice of the court, by special motion. It required no provision of the code to confer this power and mode of redress. They are inherent in the

court, and unless taken away by statute, must of necessity be resorted to, and rendered available." And to the same effect also are the decisions in Pennsylvania, New Jersey, Maryland, South Carolina, Tennessee, Kentucky, Indiana and Illinois, all of which will be found cited in Drake on Attachment, §§ 399 to 406, inclusive.

My opinion therefore is, that, upon the affidavits filed and motion made in behalf of the defendants, the proceedings here instituted should have been dismissed, unless they were sustained by additional affidavits or other sufficient written evidence produced on the part of the plaintiff. And in proceeding under this act, where no proof of indebtedness from the principal defendants to the plaintiff in the action is required before the process of garnishment can issue, I think the affidavits of the principal defendants, that they are not so indebted, ought to be esteemed as sufficient evidence upon which to dismiss the proceedings, until the contrary is shown at least by the affidavit of the plaintiff. The making of such affidavits by the defendants throws the burden of proof upon the plaintiff to show that they are so indebted; but whether in such case more is to be required of the plaintiff than the making and filing of his own affidavit of the indebtedness, is a matter which I hold in very considerable doubt. Certainly full proof of the claim of the plaintiff and of the defendant's answer or defense thereto, is not to be gone into upon this motion to dismiss the proceedings against the garnishees; for that would be to try the merits of the original action in advance upon affidavits taken *ex parte*, which would be most irregular. Upon this point, therefore, I am inclined to hold that the controversy in this form should end when the plaintiff has made and filed his affidavit in clear and positive terms, showing that the principal · defendants are indebted to him, and the amount of such indebtedness over and above all legal

set-offs, and that such affidavit should be deemed suffi-cient evidence of the fact of indebtedness to sustain the process of garnishment.

With regard to the other facts requisite to maintain the proceedings, that is to say, those specified in the act and to which the plaintiff must make affidavit in order to obtain the process, I think very much the same rule should prevail. The defendants having by affidavit explicitly denied the existence of such facts, it seems to me that it is incumbent on the plaintiff to establish them by proof in addition to his own affida-vit. The remedy given by the act is, to say the least of it, a severe and harsh one, and should not be resorted to except in cases of actual necessity. The plaintiff, to obtain it, is not required to make oath to the facts themselves, but only that he has reason to believe, and does believe, that they exist. Upon this oath the plaintiff obtains the process, and when the facts are positively denied on oath by the defendants, and nothing appears to throw discredit upon their statements or to authorize greater credit to be given to the statements of the plaintiff, I think the burden rests upon the plaintiff to prove the facts with reason-able certainty by other credible evidence, and that if he fails in this, the process should be discharged. Such is the rule laid down by the supreme court of Ohio in a similar case (*Coston v. Paige*, 9 Ohio St. 397); though a slightly different one is held in such cases in Louisiana. *Simons v. Jacobs*, 15 La. An. 425, and cases cited. And the practice adopted by the court of Ohio, I also think a good one. The court say that undoubtedly, before a motion of this kind is brought on and heard, each party should be required to file his affidavits for the inspection of the other party, so that he may not be taken by surprise. The moving party is supposed to serve and file his affida-vits on which the motion is based, with the notice of motion; and I think the court in which the motion is

pending should by rule or order require the opposite party to produce and file his affidavits by a given day, and that thereafter the other party should have so many days in which to file his affidavits controverting any new facts stated therein. A practice like this would prevent surprise, and lead to a more fair and satisfactory trial and determination of the questions involved.

I am also of the opinion that the counsel for the defendants is right in the last position taken upon his brief. I think the court should, in cases of this nature, and especially where it is made to appear that the money or property in the hands of the garnishee is in danger of being lost, or the debt becoming worthless against him, direct the payment or delivery of the same to the sheriff, or clerk of the court, or other proper officer, by whom it may be safely kept and preserved for the benefit of the person ultimately entitled thereto. This is an order which may be properly made in any case; and particularly where the principal defendants ask it. I think there can be no doubt about the power of the court in such cases, whether it be expressly granted by statute or not.

For these reasons, I am of opinion that the order appealed from should be reversed. But as the matters of practice involved are entirely new, this being the first case under the statute in question which has come before this court, I think it should be reversed and remanded without prejudice to the rights of the plaintiff to proceed, if he desires, to oppose the motion and to sustain the proceedings instituted by him, if the same ought to be, according to the practice here indicated.

COLE, J. concurring, it was
*By the Court.*—Ordered accordingly.

Upon the plaintiff's motion, a re-hearing was

granted; and an order was made by this court directing the clerk of the circuit court to make return of a certain affidavit of the plaintiff on file in said circuit court, and which had been used at the hearing of the motion at the circuit.    After a re-argument, the appeal was finally disposed of at the June term, 1871, all the justices who then constituted the court, concurring.

DIXON, C. J.   The reasons for directing a re-argument of this case appear in the opinion on the second appeal, filed May 8th, 1871.*    The affidavits of the defendants are defective in not specifying the particular property held and owned by them and liable to execution, according to the rule laid down in that opinion.   For this reason the order appealed from must be affirmed, unless, as contended by counsel for the defendants, it should be reversed for want of an affidavit by the plaintiff, or in his behalf, showing the indebtedness of the defendants to him, and the amount over and above all set-offs, which indebtedness is denied by the defendants in their affidavits; or, if that ground of reversal does not exist, then, unless it should be reversed as to that part of it refusing the application of the defendants to have the money in the hands of the garnishees paid into court, as is also contended by the same counsel.

Whether either of these grounds of objection or reversal exists, depends upon the point whether the affidavit of the plaintiff brought up to this court by supplementary return from the clerk of the court below, made in pursuance of an order of this court, is part of the record in this case, and upon the further point whether the record shows that such affidavit was used on the hearing of the motion in that court. Counsel for the defendants assumes or insists that the

---

* See the case immediately following this.—REP.

affidavit is no part of the record, or, if it is, that it does not appear to have been used at the argument below. The affidavit is clearly part of the record, returned and certified by the clerk as such; and the certificate of the clerk, with the order of this court in pursuance of which it was made, distinctly shows that the affidavit was used at the hearing below. The order of this court recited that it was shown that the return already made was "defective in not returning to this court the affidavit of said respondent read on the hearing of the motion," and required the clerk of the court below to make immediate return of the affidavit "on file below, read and used on the hearing of the motion." To this the clerk of that court certifies and returns, "in pursuance of the order," a copy of which is annexed, "a certain affidavit *therein referred to*, as the same was filed in his office on the 4th day of February, A. D. 1869." He further certifies, that "the affidavit referred to in the annexed order" did not come into his possession until the 4th day of February, 1869. This is a sufficient official statement or certificate, in the absence of any evidence to the contrary, to show that the affidavit was used on the hearing of the motion, although it does not appear to have been filed with the clerk until some considerable time after the motion was heard and decided. The affidavit, regularly entitled in the action, was made, sworn and subscribed on the 6th day of June, 1868, and the motion was heard before the judge at chambers on the 17th, and afterwards in open court on the 29th of the same month.

The affidavit being thus part of the record, and appearing to have been used at the hearing of the motion, the objections now taken are entirely obviated. In the affidavit the plaintiff distinctly makes oath to the indebtedness of the defendants, and its amount over and above all set-offs, which is a compliance with the rule in that respect.

And the affidavit furthermore shows that the moneys in the hands of the garnishees have in fact been paid over to the defendant *Noonan*, upon security or indemnity given by him therefor; so that in reality the defendants have suffered nothing by the refusal of the court to make an order requiring the garnishees to pay or deposit the same in court, and are not aggrieved thereby.

The position of counsel for the defendants, that, in analogy to the practice in certain cases, like that of *Allison v. Rheam*, 3 S. & R. 189, the plaintiff in the original suit should be required to apply to and ask the defendants therein whether they have sufficient property liable to execution to satisfy his demand, and in what it consists, and where situated, before he can be allowed to resort to the process of garnishment given by the statute, is rejected as impracticable and unsound in cases like the present.

The order appealed from must, for these reasons, in addition to those formerly given, be affirmed, but not without a direction like that formerly given, namely, that it be without prejudice to the right of the defendants to proceed in the court below, by a new motion or otherwise, as they may be advised, to obtain a dismissal of the garnishee proceedings in accordance with the practice established on these appeals.

*By the Court.*—It is so ordered.