## Orton vs. Noonan and another.—Second Appeal touching Garnishee Proceedings.

GARNISHMENT: *Dismissal of garnishee proceedings on the ground that defendant has property to satisfy plaintiff's claims.—What facts must be shown, and how.*

1. An affidavit in support of a motion to dismiss garnishee proceedings on the ground that defendant has sufficient property subject to execution to satisfy the judgment which plaintiff demands, should specify and point out such property with reasonable certainty, so that plaintiff may ascertain its true nature, situation and value, the title by which it is held, and whether it is incumbered, and, if necessary, may take issue upon those matters.

2. Defendants' original affidavit in this case did not thus specify their property, but a counter-affidavit for the plaintiff entered into detail concerning it, and denied that its value was sufficient to meet the judgment claimed by him. *Held,*

(1.) That it was not error to receive further affidavits in defendants' behalf to show the value, etc., of such property.

(2.) That the insufficiency of defendants' property to meet the judgment claimed not being shown by other proof than plaintiff's *own* affidavit, and being controverted by defendants' affidavits, it was not an abuse of discretion for the court to dismiss the proceedings in garnishment; especially where the plaintiff's claim was for unliquidated damages, and it was doubtful, from the complaint and the exhibits thereto attached, whether he could recover anything like the amount claimed.

APPEAL from the Circuit Court for *Milwaukee* County.

While the preceding appeal in this action was pending in this court, to wit, at various times during the year 1869, the plaintiff proceeded to garnish a considerable number of corporations and natural persons alleged to be indebted to the defendants, or one of them. The affidavit for garnishment in each of these cases seems to have been similar to that described in the foregoing report of the former appeal (*ante*, p. 572). In January, 1870, the defendants filed three affidavits. 1. The affidavit of *Mr. Noonan*, after stating, in the usual form, that defendants had a good defense on the merits to the whole of plaintiff's cause of action, and after setting forth the names of the parties upon

whom process of garnishment had been served by plaintiff during 1869, as aforesaid, and stating that said garnishee proceedings were still pending and undetermined, further stated, (1.) That defendants were and had been for many years partners in the business of buying and selling and manufacturing paper, and that the contract set out in the complaint in said action, though executed by them individually, was in fact a part of their partnership transactions, the water thereby leased being or having been used in their partnership business of manufacturing paper. (2.) That defendants had, and owned, and all the previous twelve months had had and owned, real and personal property in the county of Milwaukee, as partners and individually, liable to execution, to the value of $100,000 and more; that plaintiff had no good reason to believe that defendants had not property liable to execution sufficient to satisfy his demand; that when plaintiff's several affidavits were made, defendants were, and they still were, keeping a wholesale and retail store in the city of Milwaukee, in which there had been at all times during the last year, and still was, personal property belonging to defendants, either jointly or severally, liable to execution, of the value of at least $40,000, and a large part of the time, of the value of $60,000; that defendants had personal property during the whole of the month of December, 1869, liable to execution, of the value of at least $58,000, in said county; that plaintiff, during the whole of said twelve months, knew of said store and goods and other property of defendants liable to execution; and that affiant verily believed that said garnishee proceedings were instituted for the purpose of harassing, vexing and annoying the defendants. 2. The affidavit of the defendant *McNab* was to the effect that the statements in *Mr. Noonan's* affidavit as to the amount and value of the personal and real property, liable to execution, owned by said *Noonan* and himself, during all the time for the pre-

vious twelve months, were true; and that affiant believed all the statements in said affidavit of *Noonan* were true.   3. The deposition of Simeon King stated that he had been a clerk in defendants' store since October 20, 1869, and knew the personal property owned by them in and about said store; and at no time since he had been in their employ had they had in said store personal property, owned by them or one of them, in amount and value less than $50,000, liable to execution, as he believed.

Upon these affidavits the defendants moved the court to quash and dismiss said garnishee proceedings and release the property attached, on the grounds that the affidavits on which the proceedings were instituted were false; that defendants were not indebted to the plaintiff; that they had, when such proceedings were instituted, more property, liable to execution, than was sufficient to satisfy plaintiff's demand; and that said proceedings were defective, illegal, and an abuse of the process of the court.

At the hearing of the motion, plaintiff filed counter-affidavits made by himself and others; and defendants filed affidavits in reply. Plaintiff's own affidavit states that defendants are justly indebted to him in the sum of from forty to fifty thousand dollars upon the contract set out in the complaint in this action, over and above all legal set-offs, and, as affiant believes, in a greater sum; that defendants have no valid defense to the action, as he is advised by E. Mariner, Esq., his counsel therein, to whom he has fully stated the case; that affiant has made diligent inquiry for several years last past touching the property and assets of said *Noonan* and said *McNab*, and, as nearly as he can ascertain the same, it is as thereinafter set forth. Then follows a statement of real and personal property of said *Noonan* or said *Noonan & McNab*, and of the value of the several portions thereof as alleged by said affiant, and also certain alleged

debts and liabilities of said defendants. The contents of the affidavits need not be further stated. There was a motion by the plaintiff to strike out certain parts of the affidavit filed by the defendants in reply, as being properly matter-in-chief, and not responsive to anything contained in the affidavits filed on plaintiff's behalf; but the motion was denied.

The court made an order "that said garnishee affidavits, processes and proceedings" be quashed, and said garnishee actions dismissed (plaintiff to pay costs therein), and that the debts and property garnished therein be released and discharged from the lien thereof, and that the garnishees respectively might pay such debts and deliver such property to defendants. From this order the plaintiff appealed.

*J. J. Orton*, appellant, in person, contended that the statute (ch. 200, Laws of 1864) requires the plaintiff in garnishment to make affidavit only that he *has reason to believe and does believe* that defendant has not property sufficient, etc., and does not require him to swear or produce evidence that defendant has not sufficient property in fact; that a traverse of plaintiff's affidavit must show, therefore, that he *did not believe*, or that he *had no reason to believe*, as stated; that the only issue in such a case is as to the existence of such a belief and of a reason for it (Voorhees' Code, § 229; 13 How. Pr. R. 353-4; 22 id. 273; 3 Sandf. 703; 5 Mo. 441; 7 id. 500); that in this respect the process of garnishment differs from that of attachment, since in the latter it must be made to appear to the officer, by specific statements of fact, that there is good ground for the affidavit; and that the reason for this distinction lies in the different effects produced by the two processes upon the debtor—the process of attachment depriving him of the possession of his property, and shutting up his business, if he is engaged in business, while garnishment produces no such result. 2. The rule in garnishee process under our statute should certainly

not be more stringent than that in regard to a traverse in attachment in New York, where plaintiff is allowed to file additional affidavits, and even amend his former affidavits to sustain the attachment, in opposition to the affidavit of the defendant on motion to dismiss; the plaintiff closing, and the defendant not being allowed to file rebutting affidavits. *St. Amant v. De Beixcedon*, 3 Sandf. 703; *Morgan v. Avery*, 7 Barb. 656; *Genin v. Tompkins*, 12 id. 265, 273, 282; 10 How. 6, 7; 13 id. 359; Drake on Att. § 400. The counter-affidavits in this case set up new matter, and should not have been admitted. *Knapp v. Haskell*, 4 C. & P. 590. 3. Defendants ask to set aside the garnishee proceedings on the ground that there has been an abuse of the process of the court. They should state plainly, and by traversable allegations, facts showing such an abuse. Their affidavit that they had property worth $100,000, liable to execution, but not showing what the property was and where, sets out no traversable fact, and is not sufficient.

*Jason Downer*, for respondents, argued: 1. That the so-called *order* from which the appeal was taken, was in fact a *judgment* of dismissal, and that inasmuch as different principles govern appeals from orders and those from judgments, the appeal should be dismissed. *Tillspaugh v. Dick*, 8 How. Pr. R. 33; 7 Paige, 18; 1 Leigh, 108; Voorhees' Code (5th ed.), 560–64, and authorities there cited. 2. That inasmuch as the principal case was in this court, and no longer in the circuit court, where the garnishee actions were commenced, such actions were properly dismissed. Sec. 1, ch. 200, Laws of 1864. 3. That, plaintiff having stated in his affidavits that defendants had certain real estate, and stated its value, the defendants' affidavits showing its real value were clearly rebutting; and that any testimony which might have been given in the first instance by the

party having the affirmative of the issue, may, *in the discretion of the court,* be given after the other party has closed. *Hastings v. Palmer,* 20 Wend. 225, and authorities there cited; 17 Wend. 103; *Braydon v. Goulman,* 1 Mon. 118.

Dixon, C. J. This is an appeal from an order of the circuit court dismissing proceedings of garnishment instituted in this action by the plaintiff, in pursuance of the provisions of chapter 200, Laws of 1864, against twenty-two persons, firms and corporations, as being severally indebted to the defendants. Motion was made by the defendants in the court below to dismiss the proceedings because they were instituted improvidently and without sufficient cause; and they were dismissed on that ground. This court undertook to settle the practice in such cases and under the above act of the legislature, on a former appeal between these same parties and in this same suit, where proceedings had been instituted against still other persons as garnishees of the defendants. That opinion was filed on the 31st of December, 1869.[*] The affidavit and motion for the order from which this appeal is taken were made soon after that opinion was filed, and were no doubt intended to be, and were, prepared in compliance with the practice indicated by the opinion. But before the time to move for a re-hearing had expired according to the rule of this court, a motion for that purpose was made, which was afterwards granted, and that appeal is still pending and undetermined. It has not since been re-argued or submitted for decision on the arguments previously made. The point upon which the re-hearing was granted was, that the defendants' affidavits, upon which to move a dismissal, should not only state that the defendants have property liable to execution sufficient to satisfy the plaintiff's demand,

[*] See *ante,* p 577.

but should also point out and specify the property itself with reasonable certainty, in order that the plaintiff may ascertain or know the nature, situation and value of such property, the title by which it is held, and whether it be incumbered, and, if necessary, take issue upon those matters.   Upon reading the arguments on the motion for a re-hearing, and upon further consideration, we were inclined to the opinion that such should be the rule, and that the opinion should be so far modified as to require a specification of the property liable to execution in the affidavits upon which the action is founded.   So far we thought the former opinion might require modification, but not further or otherwise, unless possibly greater weight and consideration should be given to the nature of the plaintiff's demand in determining whether the proceedings should be dismissed.   We were in considerable doubt whether the nature of the demand, as shown by the pleadings, should not sometimes be taken into account, and whether it might not, in cases in other respects not clear, furnish just ground for discrimination, and turn the scale in favor of the motion.   If the demand of the plaintiff, although asserted in good faith on his part, be in law doubtful, in whole or in part, or such as is not clearly well founded, or if it be for unliquidated damages, and where the amount he should recover is uncertain, these may be circumstances which, among others, should be considered in determining whether a dismissal of the garnishee proceedings would be proper.   If, on the other hand, the demand of the plaintiff appear from the pleadings to be well founded, and if it be for a sum certain—an amount which has been liquidated, as upon a bill of exchange, bond, note or the like, this may constitute a reason, among others, for upholding the proceedings.

In the present case, the demand of the plaintiff is in the nature of a claim for unliquidated damages.   It is for damages for breaches of the covenants of a lease

for the payment of rent for the use of water to supply a mill.   The amount of water used by the defendants, is uncertain, and rests altogether on the testimony of witnesses.   And to this element of uncertainty must be added another, growing out of the construction of the lease itself, and which affects a large part of the plaintiff's demand.   The demand of the plaintiff is based upon a construction of the lease by which he claims to recover the sum of $50,000 for the use of 8,000 cubic feet of water per minute for the period of fourteen years.   This construction of the lease, a copy of which is annexed to and made a part of the complaint, is, to say the least of it, very doubtful.   It is doubtful whether upon a proper construction the plaintiff will not be limited to a recovery for the use of only 2,000 cubic feet of water per minute, which will reduce his demand over three-fourths, according to the rate stipulated in the lease.   The sum of $50,000 thus demanded is a very large one; and if, in the prosecution of such claim, the plaintiff should succeed in arresting and placing beyond reach and control of the defendants an equal amount of their property and funds in the hands of their debtors, it might be the cause of most inextricable and ruinous embarrassment to the defendants.   There are very few really solvent and responsible business men or firms in the state or country who could withstand such a pressure.   Now, while it is true that the merits of the action cannot be investigated or tried, or any decision of them made, upon the motion, yet we thought it might possibly be that the nature of it, as shown by the pleadings, should be thus incidentally considered and examined in deciding how far the extraordinary remedy given by the statute was proper in the action, and whether it would be an abuse or not, were it allowed to stand.   As observed in the former opinion, it is a harsh and severe remedy; and though beneficial to creditors and capable of much good in enabling

the courts to fulfill the ends of justice if properly administered, it is still very susceptible of abuse.   It is obtainable without any proof of indebtedness whatever, and almost without any of the insufficiency of the defendants' property to satisfy the judgment which the plaintiff may recover.   If not directed and controlled by the court, it may become most mischievous; and it would seem, therefore, that no legitimate and proper means of information, short of an actual trial of the merits of the action, should be rejected, which will enable the court to exercise a wise and just discretion in the premises.

It was for reasons like these that a re-hearing of the former appeal was ordered, and not because we were of opinion that there should be any other change of, or departure from, the practice laid down in the opinion.

In this case the defendants did not in the first instance specify in their affidavits the property held and owned by them liable to execution, further than that they were keeping a wholesale and retail store in the city of Milwaukee, in which there was and had been at all times during the past year property, liable to execution, of the value of at least forty thousand dollars, and a large part of the time, of the value of sixty thousand dollars.   They denied their indebtedness to the plaintiff, and that he had good reason to believe that they had not property, liable to execution, sufficient to satisfy his demand.   To those affidavits of the defendants themselves, upon which the motion was made, the plaintiff made and filed his counter-affidavit, affirming the indebtedness and the validity of his demand over and above all counterclaims and set-offs, and giving a detailed statement of the situation, kind, amount and value of the property held and owned by the defendants, and claiming that the same was insufficient to satisfy his demands.   The plaintiff also produced the affidavits of three other persons as to the

value of a particular piece of real estate owned by the defendant *Noonan* in the city of Milwaukee. In reply, the defendants offered their own further affidavits, in which they set forth of what their property consisted, particularly describing the same and all of it, and stating its value, and also the affidavits of fourteen other persons as to the value of the particular piece of property owned by the defendant *Noonan*, in Milwaukee. These affidavits were received and considered by the court against the objection of the plaintiff, who still insists that it was irregular and informal to receive them. This may in strictness have been so according to the practice indicated in the former opinion, and to which we still propose to adhere; but still it is not easy to say that the plaintiff did not open the door to them by the facts stated in his counter affidavit. He exhibited very considerable familiarity with the property and resources of the defendants, and went into particulars of statement and description, thus leading the way, or seeming to, for the defendants to come in with their further affidavits to explain or contradict what the plaintiff had said. We cannot say, therefore, that these subsequent affidavits of the defendants were irregularly received; and, if they were not, then they supply the defect of the original ones in not specifying the property of the defendants subject to execution; and that defect being supplied, it would appear that the proceedings were properly dismissed, because the plaintiff produced no evidence or affidavits, *in addition to his own,* to disprove the statements of the defendants respecting the value and sufficiency of their property. The defendants' affidavits, taken together, constitute a clear and emphatic denial that they have not sufficient property liable to execution to satisfy the demand made against them in the action, and a specification of the property which they have, which is sufficient in amount and value for that purpose.

Upon this point it was ruled on the other appeal (and the correctness of that ruling we see no reason to doubt), that, the facts which by the statute constitute the basis of the proceedings to garnish being thus denied, " it is incumbent on the plaintiff to establish them by proof in addition to his own affidavit." Such proof was wanting in support of the proceedings here; and for this reason, if for no other, we are of opinion that they were properly dismissed.

*By the Court.*—Order affirmed.