Thoen vs. Harnstrom.

Thoen, Respondent, vs. Harnstrom, Appellant.

*December 11, 1897 — January 11, 1898.*

*Garnishment: Discontinuance: Election of remedies: Failure to use diligence in ascertaining facts.*

1. The principal defendant may procure the discontinuance of garnishment proceedings by giving the undertaking provided for in sec. 2771, S. & B. Ann. Stats., or he may move for their dismissal on the ground that he owned property subject to execution sufficient to satisfy the claim; and his election of the former remedy is a waiver of his right to resort to the latter, at least until he has been relieved of his election on equitable grounds.

2. The mere fact that the defendant in such a case, at the time of making his election, was ignorant of facts upon which he subsequently moved to dismiss the proceedings is insufficient to warrant the setting aside of such election, where such ignorance was the result of an unexcused failure to resort to means of knowledge reasonably within his reach.

Appeal from an order of the circuit court for Dane county: R. G. Siebecker, Circuit Judge. *Affirmed.*

Plaintiff and the principal defendant resided in Chicago. The former sued the latter in the circuit court for Dane county, and as incidental thereto commenced this garnishee action. The affidavit which was the foundation of the gar-

nishee proceeding was in the usual form, stating, among. other things, that plaintiff verily believed that the defendant was not possessed of property liable to execution sufficient to satisfy the plaintiff's claim.   After the service of garnishee process the principal defendant filed an undertaking pursuant to the statute, for the purpose of releasing the garnishee.   Thereafter, on affidavit showing that such principal defendant was the owner of a large amount of property in the city of Chicago, liable to execution, and that when he gave the undertaking to release the garnishee he did not know that the cause of action against him did not arise in the state of Wisconsin, motion was made to dismiss the garnishee action and return such undertaking.   The motion was denied, and from the order entered this appeal was taken.

*J. A. Eggen*, for the appellant, contended, *inter alia*, that it is an undisputed fact that at the time of making the affidavit appellant, to the knowledge of respondent, had property sufficient to satisfy more than a score of such claims as that made by the latter in his affidavit.   One of the conditions precedent to the commencement and maintenance of a valid garnishment is therefore wanting.   The action can no more be maintained than if it had turned out that the original action was in tort, or that judgment had been entered therein and no execution issued.   The fact that the property is not situated in this state is immaterial, because the statute does not require that it shall be in any particular place or state, and because respondent, being himself a resident of the city and state in which the property is located, is in no position to complain of the location of the property.

*Ben E. Wait*, for the respondent.

MARSHALL, J.·   Sec. 2771, S. & B. Ann. Stats., provides that "the defendant may, at any time after the commencement of the action and before judgment, file with the clerk of the court an undertaking, executed by at least two sureties, . . .

Thoen vs. Harnstrom.

to . . . pay to the plaintiff the amount of the judgment, with all costs that may be recovered against such defendant in the action, not exceeding a sum specified " in such undertaking; and that, on compliance with the statutory requisites in the matter, the garnishee shall be discharged and the garnishee proceedings deemed discontinued.   So, upon the service of the garnishee summons upon the garnishee defendant, the appellant had his election to give the bond provided for by statute and thereby supersede the garnishee proceedings, or to move the court for a dismissal of such proceedings, under the rule in *Orton v. Noonan*, 27 Wis. 572, and *German American Bank v. Butler-Mueller Co.* 87 Wis. 467, if he deemed the facts sufficient to invoke the application of such rule.   The two remedies were inconsistent; therefore, obviously, the appellant could not have both.   He made his election to give the undertaking, and thereby the garnishee proceedings were, by force of the statute, discontinued and at an end.   It is not perceived how the remedy for the dismissal of the proceedings could be resorted to under such circumstances in any event, but certainly not till the appellant had been relieved on some ground of equity from the election he had made to supersede the garnishee proceedings in the manner provided by statute.   *Eau Claire Grocer Co. v. Hubbard*, 97 Wis. 661.   No ground for such relief was set forth in the moving papers.

The mere fact that the appellant did not know that the cause of action sued on did not arise in the state of Wisconsin was immaterial, because the plaintiff had the absolute right to resort to the Wisconsin courts to enforce his claim if he saw fit to do so.   *Eingartner v. Illinois Steel Co.* 94 Wis. 70.   But if it were otherwise, no excuse is shown for the want of knowledge which appellant alleged.   A party cannot, except at his peril of being bound by his action, proceed ignorantly in matters respecting his own interests, when such ignorance is the result of a failure to resort to reasonable means of knowledge within his reach, unless

there is some good excuse shown for such conduct. No excuse whatever is shown here. The appellant simply alleged that he did not know. It is perfectly apparent that he might have known had he made reasonable efforts to discover the facts. Being a debtor, the presumption from that fact is that he knew the facts out of which the debt arose, and it would take a strong case to rebut such presumption. But, as stated, there was no reason set forth in the moving papers sufficient to warrant the court either in relieving the defendant from his election to supersede the garnishee proceedings by giving an undertaking under the statute, or for dismissing the garnishee proceedings if such relief had been granted.

*By the Court.*— The order appealed from is affirmed.

CASSODAY, C. J. (concurring). As I understand, the principle upon which I differed from the majority of the court in *Eingartner v. Illinois Steel Co.* 94 Wis. 70, is not involved in this appeal. On the contrary, the right to maintain an action "for and against property and rights of property located or having a *situs*" in this state is there conceded in my opinion. 94 Wis. 83, 84. That opinion has recently been expressly sanctioned by the supreme court of Mississippi, as stating "the true ground for the conclusion reached by the court in *Eingartner's Case.*" *Pullman Palace Car Co. v. Lawrence,* 74 Miss. 782.