WM. MARNITZ COMPANY, Appellant, vs. RICHARDS, Re-
spondent.

*March 2—March 23, 1915.*

*Judgment:* Res judicata: *Garnishment: Abuse of process: Dismissal
of proceeding: Discretion.*

1. Where one who had agreed to buy certain corporate stock and had
   paid a part of the purchase price afterwards obtained a judg-
   ment for a recovery of the amount so paid on the ground that by
   a new contract the agreement to buy had been abrogated and the
   amount already paid was to be returned to him, such judgment
   was conclusive against the right of the vendor to recover in a
   subsequent action the balance of the purchase price.

2. Upon a motion by the principal defendant to vacate and quash a garnishee summons as an abuse of the process, the court will not ordinarily inquire into the merits of the action itself further than to ascertain that a good-faith controversy is involved; but where the facts are of record, are before the court, and are admitted, and it clearly appears that plaintiff has no cause of action, it is within the sound discretion of the court to set aside the service of the garnishee summons and dismiss the proceeding.

APPEAL from an order of the circuit court for Milwaukee county: F. C. ESCHWEILER, Circuit Judge. *Affirmed.*

Plaintiff is a corporation engaged in the merchant tailoring business in the city of Milwaukee. On January 31, 1909, and for some time prior thereto, the defendant *Richards* was in the employ of the plaintiff company as a cutter. On or about that date he entered into a contract with the plaintiff whereby he agreed to purchase stock of the corporation of the value of $3,000 and pay for it in instalments from time to time during the course of his employment, and thereafter he made payments on said stock amounting to $674.62. On or about February 1, 1913, defendant *Richards* left the employ of the plaintiff and subsequently brought an action in the civil court of Milwaukee county against the plaintiff to recover the $674.62 paid for stock, claiming that on February 15, 1912, the contract to purchase stock was abrogated and an account stated between the parties whereby it was agreed that the plaintiff was indebted to the defendant *Richards* in the sum aforesaid. Defendant recovered judgment in the civil court for the amount claimed.

Plaintiff brought this action to recover a balance of $2,326 alleged to be due from defendant *Richards* on the contract for the purchase of the stock. A garnishee summons was served on the garnishee defendants herein. Upon motion of the defendant an order was entered vacating and quashing the garnishee summons as an abuse of the process of the court, and from such order plaintiff appeals.

For the appellant the cause was submitted on the brief of
J. W. Wegner.

William Kaumheimer, for the respondent.

BARNES, J.     It is conceded that Richards agreed to pur-
chase $3,000 of the capital stock of the corporation, and that
there was paid on such purchase $674.62.     Richards brought
an action to recover this latter sum, on the ground that when
he left the employ of the present plaintiff he entered into an
agreement with it whereby the contract for the purchase of
the stock was abrogated and set aside and the Marnitz Com-
pany agreed to pay him the amount advanced on the purchase
of such stock.     The answer denied these averments, but the
court found the facts to be as claimed by Richards and gave
judgment in his favor, which was affirmed on appeal to the
circuit court and paid.     There was no theory on which Rich-
ards was entitled to the return of the money advanced on the
purchase of the stock, except that a new contract was made
abrogating the former agreement in consideration of the pay-
ment to Richards of the amounts paid on the purchase price
of the stock.     The existence or nonexistence of the subsequent
alleged contract on which Richards relied was the vital issue
in the case.     The final judgment settled that issue for all
time in Richards's favor and beyond direct or collateral attack.
That judgment declares that after about the middle of Feb-
ruary, 1912, when the transaction took place, there was no
agreement on the part of Richards to make any further pay-
ments on the stock purchased and that then and thereafter
he ceased to have any interest in said stock.     The Marnitz
Company is endeavoring to open up this question for further
litigation by bringing an action to recover the difference be-
tween the sum agreed to be paid for the stock and the amount
paid thereon.     It is elementary that this cannot be done.
Gerbig v. Bell, 143 Wis. 157 (126 N. W. 871) and cases cited
on p. 163; Barney v. Babcock's Estate, 115 Wis. 409, 91 N.
W. 982.

The pleadings, findings, and judgment in the first action are part of the motion papers in the present proceeding. No issue is raised on the facts. Counsel for appellant says in his brief: "The sole question thus presented is, Was the action tried in the civil court conclusive on the subject matter involved in this case, admitting that the parties thereto were identical with the parties to this action?"

Counsel must either be in doubt about the application of the rule of *res adjudicata* to the case or else the action was brought for vexatious purposes. Ordinarily the merits of the action itself will not be inquired into in an application like the one before us, further than to ascertain that there was a good-faith controversy involved. Where, as here, the facts are of record and are before the court and are not disputed and are in fact admitted, and it clearly appears that plaintiff has no cause of action, it is within the sound discretion of the trial court to set aside the service of the garnishee summons and dismiss the proceeding. The plaintiff has not been prejudiced by the order appealed from and has no reason to complain of it. *Orton v. Noonan,* 27 Wis. 586; *German Am. Bank v. Butler-Mueller Co.* 87 Wis. 467, 58 N. W. 746; *Thoen v. Harnstrom,* 98 Wis. 231, 73 N. W. 1011; *Dahlman v. Greenwood,* 99 Wis. 163, 167, 74 N. W. 215. These cases are not precisely in point as to facts involved, but they establish the principle on which this decision is based.

*By the Court.*—Order affirmed.