KLADE, Administrator, and others, Appellants, vs. PALMER, Defendant and Respondent: FIRST AMERICAN STATE BANK, Garnishee Defendant and Respondent.

*March 14—April 15, 1941.*

*Frank E. Hebert* of Tomahawk, for the appellants.

*Genrich & Genrich,* attorneys, and *Herbert Terwilliger* of counsel, all of Wausau, for the respondents.

ROSENBERRY, C. J. A garnishee summons was served upon the First American State Bank on the 2d day of January, 1941. The affidavit upon which the summons was issued, after describing the parties, states:

"A summons has been issued in an action in which the above-named plaintiffs are plaintiffs and the said Emma Palmer is the defendant and that said action *is an action for damages founded upon contract and that the defendant, Emma Palmer, has disposed of or concealed or is about to dispose of or conceal her property, or some part thereof, with intent to defraud her creditors, and that the said defendant, Emma Palmer, fraudulently incurred the obligations, respecting which this action is brought,* and that the amount plaintiffs claim against the defendant, Emma Palmer, above all set-offs is over fifty ($50) dollars, to wit: Seventy-five hundred ($7,500) dollars, and that the plaintiffs believe that the First American State Bank of Wausau, Wisconsin, is indebted to or has property in its possession or under its control belonging to the defendant, Emma Palmer, and that such indebtedness, or property, is, to the best of the plaintiffs' knowledge, not exempt from execution."

On January 6, 1941, the defendant brought on for hearing an order to show cause: First, why the above-entitled garnishee action should not be dismissed because no original action had been commenced nor was any such action pending at the time of the garnishment proceedings; and, second, why the

garnishment action should not be dismissed for the reason that at the time of the commencement of the garnishee proceeding, the relation of debtor and creditor did not exist between the plaintiffs and defendant, and because of the fact that there is no basis for a garnishment action inasmuch as there is no contractual relation between the defendant and plaintiffs.

At the hearing oral testimony was taken by the court, and the court on January 6, 1941, ordered that the garnishment action should be dismissed. From that order the plaintiffs appealed on January 8, 1941.

Upon the hearing Herbert Cash and Clarence Cash testified that the defendant was not indebted to them or either of them in any manner whatsoever. In the affidavits upon which the order to show cause was issued, the controversy between the plaintiffs and the defendant is fully set forth. From these affidavits it appears that the litigation arises out of the fact that prior to his death, John Cash, decedent, conveyed certain property to the defendant, Emma Palmer. The attorney who acted for both parties in the transaction made affidavit that there was no contractual relation whatever between John Cash and Emma Palmer, and that she was in no manner indebted to him. These allegations are admitted by Herbert Cash and Clarence Cash and are not denied by Klade, the administrator.

The defendant, Emma Palmer, and the garnishee defendant, First American State Bank, move that the appeal be dismissed on the ground that the appeal is frivolous, without merit, and made for the purpose of delay. The facts stated in the affidavit for garnishment show that the action is not on contract. The statement that it is "on contract" is a *tour de force*. It is perfectly evident that what plaintiffs have attempted to do by the garnishment proceeding is to impound money belonging to the defendant, Emma Palmer, in a tort action. While the action is really one in equity to set aside a fraudulent con-

veyance it sounds in tort. The sons, who are the real parties in interest, testify that there is no contractual obligation on the part of Emma Palmer, nor are the statements made by counsel for the decedent and Emma Palmer, who conducted the transaction, contradicted by the administrator.

Sec. 267.01 (3), Stats., expressly provides that a garnishment summons may be issued "at any time after the summons is issued in an action for damages, *founded upon contract*," etc. It is clear that the order of the circuit court dismissing the garnishment action was right. It is equally clear that the appeal to this court is frivolous and without merit.

While the garnishment action is not triable until after the issues in the main action are tried and determined, this court has power to summarily affirm the order when the appeal is frivolous, *Strange v. Harwood* (1920), 172 Wis. 24, 177 N. W. 862, and the circuit court had power to prevent abuse of its process. *Orton v. Noonan* (1871), 27 Wis. 572.

*By the Court.*—The motion to affirm the order is granted with double costs. The clerk is instructed to remit the record forthwith.