Roberts, Appellant, vs. Saukville Canning Company, Respondent.

*May 17—June 15, 1945.*

For the appellant there were briefs by *Shaw, Muskat & Paulsen,* attorneys, and *Van B. Wake* of counsel, all of Milwaukee, and oral argument by *Mr. Wake.*

*Walter D. Corrigan, Sr.,* and *Morris Karon,* both of Milwaukee, for the respondent.

FOWLER, J.    The case is an appeal from a summary judgment dismissing a garnishee action.   The plaintiff seeks to sustain the garnishment as ancillary to an action brought to foreclose a real-estate mortgage, complaint in which demanded a deficiency judgment.   There has been no sale of the mortgaged property in the foreclosure suit.

The plaintiff subsequent to commencement of the foreclosure action commenced an action on the note secured by the mortgage, and the garnishment action was brought in aid of that action.   The only summons for garnishment is-

sued was issued in that action. That action was dismissed pursuant to the rule of *Farmers & Merchants Bank v. Matsen,* 219 Wis. 401, 263 N. W. 192. In that case an action for foreclosure of a mortgage was commenced that contained a prayer for a deficiency judgment. Subsequently, as here, an action was brought on the note. This court sustained the defense of another action pending pleaded by answer based on secs. 263.06 and 263.11, Stats., making a complaint demurrable when it appears on its face that there is another action "pending between the same parties for the same cause," and that when a ground of demurrer does not appear from the complaint the objection may be taken by answer. The appellant concedes that under that rule the complaint in the action on the note was properly dismissed.

The appellant seeks to make the garnishee summons issued in the suit on the note sustain a garnishment action in the instant foreclosure suit. It does not do so. The practice in garnishment actions is specifically declared in ch. 267, Stats. The provisions of that chapter govern the instant case. Sec. 267.15 (1), Stats., provides that if the defendant have judgment in the principal action the garnishee action shall be dismissed with costs. The action to which the garnishee action was ancillary was the suit on the note. That action was the principal action and that was dismissed. The garnishment action fell with the principal action. And when the garnishment action fell the garnishee summons fell with it.

Also sec. 267.01 (3), Stats., provides that a garnishee action may be commenced in an action for damages founded on contract. An action to foreclose a mortgage is not such an action. *Inclusio unius est exclusio alterius.* If it were conceded that a foreclosure action wherein a deficiency judgment is asked were such an action, sub. (3) of sec. 267.01 providing that an action may be commenced in garnishment when an execution has issued or is issuable, would still bar garnish-

ment, for an execution is not issuable until the deficiency judgment has been entered.

Other matters discussed in the briefs need not be mentioned because the above controls the disposition of the case.

*By the Court.*—The judgment of the circuit court is affirmed.