CHERNIN, Respondent, vs. INTERNATIONAL OIL COMPANY
and another, Appellants. [Two cases.]

*March 5—April 8, 1952.*

For the appellants there were briefs by *Whyte, Hirschboeck & Minahan,* attorneys, and *Victor M. Harding* of counsel, all of Milwaukee, and oral argument by *Mr. Harding.*

For the respondents there was a brief by *Charles C. Hiken* and *Gold & McCann,* and oral argument by *Richard A. McDermott,* all of Milwaukee.

CURRIE, J.   The principal defendants in these two garnishment actions sought to secure a dismissal of the garnishment proceedings on their motions for summary judgment on the ground that the complaints in the principal actions failed to state a cause of action "for damages, founded upon contract." It is conceded by all parties that unless the principal action is one "for damages, founded upon contract" as required by sec. 267.01 (3), Stats., the instant garnishment actions cannot be maintained.

The principal defendants, as a part of their motion papers, attached as exhibits thereto, copies of the complaints in the two principal actions. The complaints alleged that a certain indemnity agreement was entered into on May 8, 1948, between the principal defendants and the two plaintiffs whereby the defendants for a valuable consideration agreed to indemnify and save harmless the plaintiffs *"against any and all actions, claims, or demands whatsoever"* arising by reason of the plaintiffs having been associated with the

defendants as partners of the Cream City Brewery Supply Company, a partnership, "including without special limitation thereto *any and all liability for taxes,* both state and federal, if any, of any kind or nature, *any tax deficiency,* if any, *state or federal assessments, liens, or claims,* together with any and all claims of any kind or nature whatsoever." The complaints further allege that thereafter the United States of America made a deficiency assessment of income taxes against the plaintiffs in the aggregate amount of $65,529.88 for unpaid federal income taxes for the years 1944, 1945, and 1946, by reason of the plaintiffs' membership in such partnership; that the plaintiffs, after receiving notice of such assessment, served a demand upon the defendants to pay the taxes so assessed; and that the defendants have failed and neglected to pay said taxes or any part thereof. The prayer of the complaints asked for judgment against the defendants in the aggregate amount of $65,529.88, together with interest or penalties.

The defendants maintain that it appears from the face of the complaints in the principal actions that neither states a cause of action for damages for breach of contract, because under the indemnity agreement no liability arose on the part of the defendants, with respect to the making of such assessment for additional federal income taxes, until the defendants had been given an opportunity to defend against such claim. The plaintiffs, on the other hand, contend that it is apparent from the face of the complaints in the principal action that the nature of the same is one for damages for breach of contract; and, therefore, the issue raised by the defendants, that no cause of action can be maintained on the indemnity agreement until the defendants have first been given an opportunity to defend against the assessment of additional income taxes, presents an issue which must be litigated in the principal action and not the garnishment action.

It is well settled that, if the cause of action alleged in the complaint in the principal action is not one for damages founded on contract, the defendant in the garnishment action is entitled to dismissal of the garnishment proceedings upon making a proper motion therefor. *Klade v. Palmer* (1941), 237 Wis. 581, 297 N. W. 365 (action in tort); and *Roberts v. Saukville Canning Co.* (1945), 247 Wis. 277, 19 N. W. (2d) 295 (action to foreclose a mortgage).

However, it is obvious in the instant cases that if the complaints do state a cause of action, the nature of the same is one for damages founded upon contract. The issue therefore narrows itself down to the question of whether the complaints in the principal actions state facts sufficient to constitute a cause of action may be properly raised by the defendants in the garnishment action, or whether such question must be litigated only in the principal action.

The decisions of *Orton v. Noonan* (1871), 27 Wis. 572, and *Wm. Marnitz Co. v. Richards* (1915), 160 Wis. 280, 151 N. W. 801, establish the principles that are determinative of the issue before us on this appeal.

In *Orton v. Noonan, supra,* the defendant in a garnishment action moved the court to set aside the garnishment proceedings, basing such motion upon affidavits establishing that there was no indebtedness from the principal defendants to the plaintiffs. Mr. Chief Justice Dixon in the opinion in that case stated (p. 580):

"And in proceeding under this act, where no proof of indebtedness from the principal defendants to the plaintiff in the action is required before the process of garnishment can issue, I think the affidavits of the principal defendants, that they are not so indebted, ought to be esteemed as sufficient evidence upon which to dismiss the proceedings, until the contrary is shown at least by the affidavit of the plaintiff. The making of such affidavits by the defendants throws the burden of proof upon the plaintiff to show that they are so indebted; but whether in such case more is to be required

of the plaintiff than the making and filing of his own affidavit of the indebtedness, is a matter which I hold in very considerable doubt. *Certainly full proof of the claim of the plaintiff and of the defendant's answer or defense thereto, is not to be gone into upon this motion to dismiss the proceedings against the garnishees; for that would be to try the merits of the original action in advance upon affidavits taken ex parte, which would be most irregular.*" (Emphasis supplied.)

A motion of the defendant for an order vacating and quashing the garnishee summons, as an abuse of process of the court, was granted by the trial court in the garnishment proceedings before this court in *Wm. Marnitz Co. v. Richards, supra*. The defendant Richards while employed by the plaintiff corporation had contracted to purchase $3,000 of the capital stock of the corporation and actually paid $674.62 thereon. Upon leaving the employ of the corporation he entered into a new agreement whereby the contract for stock purchase was abrogated and he was to receive back the partial payment made. Subsequently, Richards commenced suit in the civil court in Milwaukee county and recovered judgment from the corporation for the amount of the down payment. Thereafter, the corporation commenced an action in the circuit court against Richards to recover the difference between the sum he originally agreed to pay for the stock and the amount he had actually paid to apply thereon, and the pleadings, findings, and judgment in the first action in the civil court were made part of the motion papers wherein Richards sought to quash the garnishment proceedings in the circuit court action. This court affirmed the order of the trial court dismissing the garnishment proceedings and in its decision said (p. 283):

"*Ordinarily the merits of the action itself will not be inquired into in an application like the one before us, further than to ascertain that there was a good-faith controversy involved.* Where, as here, the facts are of record and are

before the court and are not disputed and are in fact admitted, and it clearly appears that plaintiff has no cause of action, it is within the sound discretion of the trial court to set aside the service of the garnishee summons and dismiss the proceeding." (Emphasis supplied.)

It is our conclusion that the rule stated in *Wm. Marnitz Co. v. Richards, supra,* is directly in point in the instant cases; and, if the complaint in the principal action purports to allege a cause of action for damages for breach of contract, a motion to quash or dismiss the garnishment action will not be granted on the ground that such complaint fails to state a cause of action in the absence of any showing that a good-faith controversy does not exist. There is no claim made by counsel in these cases that a good-faith controversy does not exist. On the contrary, it is apparent from the decision of the trial court and from the arguments advanced by counsel for both appellants and respondents on this appeal that the facts stated in the complaints in the principal actions do raise a very interesting and close question of law. This being so, the place to try the merits of such controversy is in the principal action, and not in the garnishment proceedings.

*By the Court.*—Orders affirmed.