Thomas Lord and others *vs.* John M. Meachem and Garnishee.

May 1, 1884.

**Insolvency—Garnishment of Assignee.**—In case of an assignment under our insolvent act, the assignee is not garnishable in a suit against his assignor.

**Same—Dissolution on Motion without Disclosure.**—Where the validity of such assignment stands admitted, a purported garnishment of the assignee may properly be dissolved upon his motion upon that ground, and without disclosure.

On January 22, 1884, one Smith brought suit against defendant Meachem, in the municipal court of Minneapolis, and summoned the Hennepin County Savings Bank as garnishee. On the next day, Meachem executed to Joseph D. Darling an assignment purporting to be made under the insolvent law of 1881. (Laws 1881, c. 148.) The assignee accepted the trust, took possession of the assigned property, and filed his bond approved by a judge of the district court for Hennepin county, where the assignor resided and the assignment was filed. Afterwards, and on January 26, 1884, this suit was brought against Meachem in the same district court, and the assignee Darling was summoned as garnishee. On January 28, 1884, Meachem executed a second assignment to Darling, reciting the two garnishments, etc., and Darling again qualified, etc. Each assignment was in all respects similar to that involved in the case *In re Mann, ante,* p. 60. On February 18th, 1884, and before making any disclosure, Darling presented to the district court his petition, entitled in the cause, reciting the garnishments, assignments, etc., and annexing copies of the latter as exhibits, and praying for a discharge as garnishee. On this petition the plaintiffs were ordered to show cause why the garnishment should not be dissolved and the garnishee discharged, and, after a hearing before *Lochren,* J., an order of dissolution and discharge was made, from which the plaintiffs appeal.

*Lane & Dodge,* for appellants.

*Cochran & Penney,* for respondent.

BERRY, J.[1]  Upon the uncontroverted statements of the assignee's petition, and upon its own face, the first assignment involved in this case must be taken to be valid, in accordance with the views expressed by this court at this term. *In re Mann, ante,* p. 60.  Under our statute, the assignee is not, by virtue of an assignment, garnishable in a suit against the assignor, unless, at the date of service of the garnishee summons, he has in his hands or under his control property, money, or effects belonging to the assignor, or owes the assignor some indebtedness absolutely, and without depending on any contingency.  Gen. St. 1878, *c.* 66, §§ 167, 170–172.  After the property, money, or effects are assigned, they no longer *belong* to the assignor, for the assignment passes the entire legal and equitable interest therein to the assignee.  *Donohue* v. *Ladd,* 31 Minn. 244.  That the assignment creates no such indebtedness as the statute cited speaks of, on the part of the assignee to the assignor, is apparent.  To these statutory grounds for holding that the assignee is not garnishable is to be added the further insuperable objection that, under the assignment, the property is *in custodia legis,* and therefore not to be reached by levy or garnishment. Upon the whole subject of the non-garnishability of the assignee, we refer to *In re Mann, supra; Legierse* v. *Pierce,* (Texas Sup. Ct.) 17 Reporter, 477; *Colby* v. *Coates,* 6 Cush. 558; *Dewing* v. *Wentworth,* 11 Cush. 499; Drake on Attachment, § 251; *Donohue* v. *Ladd, supra.*

This brings us to the question of practice presented by the case, viz., whether a garnishment (in an action against the assignor) of an assignee holding under a valid assignment may properly be dissolved upon the assignee's motion, without any formal disclosure, the validity of the assignment standing admitted.  As the dissolution necessarily follows from the validity of the assignment, we can conceive of no reason why the motion is not entirely proper, nor why it should not be granted.  It affords the assignee speedy relief from an indefensible embarrassment, and injures no one.

This disposes of the case before us, and renders it unnecessary for us to consider the *status* of the second assignment.

Order affirmed.

[1] Dickinson, J., because of illness, took no part in this decision.