NORTH STAR BOOT & SHOE COMPANY *vs.* STEPHEN B. LOVEJOY, impleaded as garnishee.

February 14, 1885.

**Insolvency—Assignment Based on Garnishment of Debt within Statutory Exemption — Subsequent Attachment.**—Where proceedings by garnishment had been instituted by service of process upon a garnishee who was in fact a debtor to the defendant in the principal action, and such debtor, being insolvent, within 10 days thereafter, and before disclosure by the garnishee, in good faith made an assignment under Laws 1881, *c.* 148, § 1, and his property was thereupon duly turned over to the assignee, *held,* that the assigned property thereby passed under the control of the district court of the proper county, and the assignment was not to be deemed void, so as to subject the property to attachment, because it is made to appear in the suit between the attaching creditor and the assignee, involving the title of the latter to the assigned property, that the garnishee would have disclosed that the amount due from him to the insolvent was within the statutory limit.

This action was brought in the district court for Hennepin county against Joseph W. Ladd, for the recovery of money upon a contract. Upon the commencement of the action garnishment proceedings were instituted against Stephen B. Lovejoy. Upon the disclosure it appeared that Lovejoy had a large amount of property which he claimed to hold as assignee of the defendant, in insolvency proceedings under the act of 1881. The plaintiff thereupon, on leave obtained, filed a supplemental complaint, in which the validity of the insolvency proceedings was assailed. Answer having been made, the case was submitted upon a stipulation admitting the facts stated in the opinion, and judgment was ordered in favor of the garnishee. Plaintiff appeals from an order refusing a new trial.

*Lane & Dodge* and *J. M. Shaw*, for appellant.

*C. H. Benton*, for respondents.

VANDERBURGH, J.　The defendant Ladd, an insolvent debtor, made an assignment of his property on the 16th day of March, 1883, to the defendant Lovejoy, in pursuance of section 1 of chapter 148 of the Laws of 1881.　Several actions had been commenced against him by his creditors, and within 10 days prior to the date of his assignment, in one of such actions, garnishee proceedings had been duly instituted against him by the service of process upon one of his debtors, but no disclosure of the garnishee had been or was ever taken, and no adjudication of the amount due Ladd from him was ever had.　It is admitted that such proceedings were taken in good faith, but that the garnishee claims, and would testify, that the amount due from him was less than $10.　The assignee duly qualified and took possession of the assigned property, and subsequently, on the 18th day of May, 1883, garnishee proceedings were commenced by the plaintiff in this action, to reach the same, and thereafter the supplemental complaint herein was filed.

The affidavit in the garnishment proceedings gave the court jurisdiction to issue the process, and also over the garnishee.　The testimony of the garnishee would not necessarily conclude the defendant as to the amount due, nor the creditor in that action, who might take ulterior proceedings.　The plaintiff, however, insists that under the admission made there was no effectual "levy by garnishment" upon the property of the debtor, and hence the assignment was void. But we think this too narrow a construction of the purpose of the act; particularly where, as in this case, the debtor is admitted to be insolvent.　By the second section of the act it is provided that if a debtor, being insolvent, "shall not, within ten days after any levy by attachment, execution, or garnishment, made against him, make an assignment," etc., compulsory proceedings may be taken against him as therein provided.　That creditors have commenced proceedings against such debtor to secure their claims "by a levy made against him," whether by attachment or by garnishment, in the ordinary course of such proceedings, together with the neglect to make the assignment provided for, is made sufficient ground for the appoint-

ment of a receiver under the act. In construing the purpose of the law it would seem that more significance is to be attached to the fact of a levy by prosecuting creditors than the amount of the debtor's property seized or garnished, and that the insolvency proceedings are not to be delayed to wait an adjudication of the amount of the indebtedness or property of the debtor.

We think, therefore, that the proceedings in this case were sufficient to give the court jurisdiction in the matter, and to place the assigned property, and the whole matter pertaining to the assignment, under the control of the district court of the proper county, and hence beyond the reach of collateral attack. *In re Mann,* 32 Minn. 60; *Lord* v. *Meachem,* 32 Minn. 66.