German American Bank vs. The Butler-Mueller Co. and others.

German American Bank, Respondent, vs. The Butler-Mueller Company and others, Appellants.

*March 22 — April 10, 1894.*

*Garnishment: Abuse of remedy: Voluntary assignment.*

1. Under sec. 2753, R. S., there can be no garnishment where, to the knowledge of the plaintiff, the defendant has property liable to execution sufficient to satisfy the plaintiff's demand; and where, having such knowledge, the plaintiff nevertheless makes the statutory affidavit that he verily believes the defendant has not such property, the garnishment will be set aside as an abuse of the remedy, even though, when the affidavit was made, the defendant was insolvent and was proposing to make an assignment for the benefit of creditors.

2. Even after making the assignment in such a case the defendant may, under sec. 2765, move to set aside the garnishment.

German American Bank vs. The Butler-Mueller Co. and others.

APPEAL from the Superior Court of *Milwaukee* County.

On August 21, 1893, the plaintiff bank owned a promissory note made by the defendant the *Butler-Mueller Company*, with *Mueller & Son* guarantors of payment, on which there was unpaid the sum of $1,000, with a small amount of interest. On that day the plaintiff commenced an action against all the parties liable on the note to recover the balance due upon it. The plaintiff's cashier made an affidavit for garnishment in the form required by sec. 2753, R. S. A summons in garnishment was issued thereon and served upon the garnishees named in the affidavit. The parties garnished were indebted to the defendants.

The defendants at once moved to set aside the garnishee process, and to dismiss the garnishee action as an abuse of the remedy by garnishment. It was claimed by the defendants that the affidavit upon which the garnishment summons was issued, in the respect wherein it stated that the affiant "verily believes that said defendants have not property liable to execution sufficient to satisfy the plaintiff's demand," was neither true in fact nor believed to be true by the affiant at the time of making it; but that, on the contrary, the defendants had property subject to execution many times sufficient to satisfy the plaintiff's demand, and this to the knowledge of the person making the affidavit.

The affidavits in support of the motion showed that the defendants *Mueller & Son*, as copartners, owned and were operating a box factory in Milwaukee, within less than a mile of plaintiff's bank; that the value of such factory and stock was upwards of $70,000; that it was subject to a mortgage of $25,000, and no more; that the defendant the *Butler-Mueller Company* owned a saw-mill in Marinette county, worth, with its stock of lumber, logs, merchandise, and other property therewith situate, upwards of $80,000, and pine lands in this state of the value of upwards of

German American Bank vs. The Butler-Mueller Co. and others.

$35,000; that on the pine lands was a mortgage of $11,000, and no more; that except the mortgages mentioned all of the said property of the said defendants was unincumbered; that the cashier of the plaintiff, at the time when he made the affidavit for garnishment, knew that the defendants *Mueller & Son* owned and operated the said box factory, and that the *Butler-Mueller Company* owned a large amount of property in this state subject to execution.

On the part of the plaintiff it is not denied that the defendants owned the property mentioned in their affidavits, nor that its officers knew that they owned it. But it is claimed that the defendants were insolvent and were about to make assignments for the benefit of their creditors, to the knowledge of plaintiff's officers; that they did make such assignments on the same day and the day succeeding the garnishment; so that at the time when this motion was made their property was all in the hands of assignees, and they had no property subject to execution from which the plaintiff could make its demand. This motion was denied, and the defendants appeal.

For the appellants there was a brief by *Frank M. Hoyt,* and oral argument by *De Witt Davis.* They cited *Orton v. Noonan,* 27 Wis. 572; *Iron Cliffs Co. v. Lahais,* 52 Mich. 394; *Weimeister v. Manville,* 44 id. 408; *Schlitz v. Meyer,* 61 Wis. 418; Drake, Attachm. (7th ed.), § 397 *et seq.; Chanute v. Martin,* 25 Ill. 63; *Wilson v. Britton,* 26 Barb. 562.

For the respondent there was a brief by *Rogers & Mann,* attorneys, and *Geo. E. Sutherland,* counsel, and oral argument by *Mr. Sutherland.*

NEWMAN, J. The question on this appeal is whether one creditor of an insolvent debtor can gain a preference over other creditors of the same debtor, against the debtor's will, by instituting a garnishment action, in a case where

it is true, to the creditor's knowledge, that the debtor has property liable to execution, within the creditor's own county, many times sufficient to satisfy the creditor's demand.

Before the process of garnishment can issue, an affidavit must be made on behalf of the plaintiff which shall state, among other things, that the deponent " verily believes . . . that such defendant has not property liable to execution sufficient to satisfy the plaintiff's demand." R. S. sec. 2753. It being a harsh remedy, the statute which gives it will not be extended by construction to cases not fairly within its words. It is safe to assume that it is not the intention of this statute to permit garnishment where the debtor has property liable to execution sufficient to satisfy the plaintiff's demand, for it has limited the right to cases where the defendant has not sufficient property. It is not intended that such a debtor shall be tied up by garnishment so long as he neither does nor contemplates doing some act which will justify an attachment against his property, because the creditor cannot always know the true state of the debtor's property; and to make the remedy effective he is permitted to inaugurate this remedy by his affidavit that he verily believes that his debtor has not property liable to execution sufficient to satisfy his demand. But if, in truth, it shall appear that the debtor has property sufficient to satisfy his demand, a case is shown where this remedy is not within the intention of the law. This process has been used in a case not intended by the lawmakers. Doubtless some liberality must be allowed in order to give the remedy efficiency. But where the property of the debtor is abundant for the satisfaction of the plaintiff's claim, there can be no case for garnishment; and where it is known to the affiant that the debtor has property subject to execution, sufficient, many times, to satisfy the plaintiff's demand, he cannot honestly make the affidavit. To procure

German American Bank vs. The Butler-Mueller Co. and others.

the process in such a case is an abuse of the remedy given by the statute. The fact that the debtor is insolvent and proposes to make an assignment for the benefit of his creditors, is irrelevant. The statute has not made that a ground for either attachment or garnishment. That is a perfectly lawful disposition of an insolvent debtor's property. In fact the law rather favors the making of assignments by insolvent debtors, because such assignments promote a fair and just distribution of all the insolvent's assets among all his creditors, without preference to any.

In this case the affidavits in support of the motion seem to show clearly that the defendants had, in Milwaukee county, property subject to execution many times sufficient to satisfy the plaintiff's demand. Neither the fact nor the knowledge of it by the plaintiff's officers is denied on behalf of the plaintiff. It seems to be clear that the remedy of garnishment has been used in a case not contemplated by law. This can be nothing less than an abuse of the remedy. It can rightfully give the plaintiff no preference over the other creditors of the defendants.

The defendants have standing to make this motion. The statute gives the defendant the right to defend the garnishee action "upon any ground upon which a garnishee might defend the same." R. S. sec. 2765. The right of the garnishee to make this motion in defense of the action would not be questioned.

*By the Court.*— The order of the superior court of Milwaukee county is reversed, and the cause remanded with direction to dismiss the action.