[No. 7152. Decided September 19, 1908.]

## T. F. SULLY et al., Appellants, v. JOHN BUSHELL, Respondent.[1]

GARNISHMENT—DISCHARGE—ISSUING—SUFFICIENCY. Garnishments issued upon the ground that defendant was about to dispose of his property with intent to defraud creditors, and was guilty of a fraud in contracting the debt, are properly discharged as improperly issued, where it appears upon a showing by affidavits, that the defendant, a long-time resident of the county, was a man of means, without creditors, and able to pay plaintiff's claim, and denied that he was about to dispose of his property.

Appeal from an order of the superior court for King county, Frater, J., entered September 28, 1907, discharging attachments after a hearing upon affidavits before the court. Affirmed.

[1]Reported in 97 Pac. 445.

*W. F. Hays* and *Shepard & Flett*, for appellants.

*Smith & Cole*, for respondent.

Root, J.—This was an action for damages alleged to have been caused by the breaking of a contract to sell a certain leasehold right. Appellants, at the time of the commencement of the action, applied for a writ of attachment, upon two grounds, to wit: (a) That the defendant was about to assign his property with intent to defraud his creditors; (b) that the defendant had been guilty of fraud in contracting the debt, etc. They also sued out a writ of garnishment. The writ of attachment was not issued. Respondent interposed a motion to discharge the writ of garnishment, upon the ground that the same was improperly and illegally issued. This motion came on to be heard before the court upon affidavits. Whereupon the court made and entered its order discharging both writs. From this order the present appeal is prosecuted.

The affidavits of respondent controverted the allegations of fraud as to the contracting of the obligation, and denied that he was about to assign his property with intent to defraud his creditors, and tended to show that the respondent was a man of means, a long-time resident of the county wherein he was then residing, that he owed no debts, had no creditors, and was financially able to respond to any judgment that appellants might recover against him. The trial court found that the writ had been improperly and illegally issued, and we think its conclusion was justified by the showing made. The judgment is affirmed.

Hadley, C. J., Fullerton, Mount, Rudkin, and Crow, JJ., concur.