## ED HOCKADAY & ·CO. v. KING *et al.*

No. 1259.   Opinion Filed January 9, 1912.

(120 Pac. 565.)

**GARNISHMENT**—Dissolution—Impeachment of Affidavit.   The court
has power to dissolve a garnishment process and discharge the
garnishees upon motion of a defendant debtor, alleging and sup-
ported by evidence that the allegation in the affidavit for
garnishment that the defendant debtor has not property liable
to execution sufficient to satisfy plaintiff's demand is untrue.

(Syllabus by the Court.)

*Error from District Court, Kingfisher County;*
*A. H. Huston, Judge.*

Action by Ed Hockaday & Co. against George M. King
and Frank King.   Judgment for defendants, and plaintiff brings
error.   Affirmed.

*F. L. Boynton* and *Robberts & Curran,* for plaintiff in
error.

*D. K. Cunningham,* for defendants in error.

HAYES, J.   On July 10, 1908, plaintiff in error, herein-
after designated plaintiff, filed in the district court of King-
fisher county its petition, in which it seeks to recover from the
defendants in error, hereinafter designated defendants, $908.74,
due upon a book account for goods and merchandise which had
been purchased by defendants from plaintiff.   On the same date
plaintiff filed an affidavit for garnishment, its garnishment un-
dertaking, and a præcipe for garnishment order and summons,
and there was issued a garnishment order or summons, which
was served upon the persons named as creditors in the garnish-
ment affidavit.   Thereafter the garnishment as to defendant
Frank King was dismissed, and there was a motion by de-
fendant George M. King to dissolve the garnishment order as
to him upon four different grounds, the last of which was that

the statements contained in the garnishment affidavit are untrue. Since this ground was the one upon which the court ultimately dissolved the garnishment, it is unnecessary to notice the other ground set up in defendants' motion.

Before garnishment is authorized to be issued in this character of proceeding, plaintiff is required to file with the clerk of the court his affidavit, stating, among other things, that some person, naming him, is indebted to or has property in his possession belonging to the defendant, *and that such defendant has not property liable to execution sufficient to satisfy the plaintiff's demand, and that the indebtedness or property mentioned in such affidavit is to the best of the knowledge and belief of plaintiff not by law exempt from seizure or sale upon execution.* Section 5712, Comp. Laws 1909.

The affidavit in this case contains the statement that defendants have not property liable to execution sufficient to satisfy plaintiff's demand, and it is the truthfulness of this statement against which the motion to dissolve is directed. Plaintiff filed in opposition to the motion objections to the dissolution of the garnishment, after which affidavits were filed in support of and in opposition to the motion to dissolve, and a considerable amount of testimony was taken by the court at the hearing on said motion. Upon the affidavits filed, and the testimony, the court found in favor of defendants, and dissolved and vacated the garnishment. It is to reverse this order dissolving and vacating the garnishment that this proceeding in error is prosecuted.

The assignments of error contained in plaintiff's brief present two propositions, the first of which is that the trial court was without jurisdiction to vacate and set aside the order of garnishment upon the ground that the averment in the garnishment affidavit that defendant has not property liable to execution sufficient to satisfy plaintiff's demand is untrue; and, second, that the evidence is insufficient to support the finding and order of the trial court. It is the contention of plaintiff's counsel that, because the statute contains no specific provision providing a procedure for dissolving and vacating an order

of garnishment, when the averments of the affidavit in garnish-, ment are false as to any statutory ground, the court is without power to dissolve a garnishment for such reason. We cannot concur in this contention. Proceedings in garnishment are statutory. Authority for the issuance of a garnishment order must· be found in the statute. Where a defendant has property liable to execution sufficient to satisfy a plaintiff's demand, a garnishment is not authorized; and the issuance and enforcement of a garnishment in such instance would be in contravention of the statute. We think that the court has inherent power at all times to remedy the improvident issuance of its process and to protect against abuses thereof. Courts will not permit their process to be employed for improper and unauthorized purposes; and where a court's attention is called by a motion to the facts showing that the authority of the court to issue garnishment summons has been abused by the procurement thereof upon false statements, it is the duty of the court to render relief by dissolving such garnishment. *Chanute et al. v. Martin,* 25 Ill. 63; *Thoen v. Harnstrom,* 98 Wis. 231, 23 N. W. 1011; *German American Bank v. Butler-Muller Co. et al.,* 87 Wis. 467, 58 N. W. 746; *Orton v. Noonan et al.,* 27 Wis. 572; *Lord v. Meachem,* 32 Minn. 66, 19 N. W. 346; *Sully et al v. Bushell,* 50 Wash. 389, 97 Pac. 445.

Discussing this question, it is said, in Rood on Garnishment, sec. 284:

"The proper affidavit having been made and filed, and the garnishment summons issued and duly served, the case is in court; and, although the affidavit is not conclusive, either upon the defendant or the garnishee, yet, if for any reason the garnishment should be dismissed, as that the garnishee is not liable to garnishment within the state, or that the defendant has property liable to execution sufficient to satisfy any judgment that may be recovered against him, such facts must be proved by the party seeking the dismissal of the proceedings. They will not be presumed."

*Cox Mfg. Co. v. August,* 51 Kan. 59, 32 Pac. 636, is a case arising under a garnishment statute the same as the one now in force in this state, and is in point. In that case it was held

that the defendant in the main action, who assigned his property for the benefit of his creditors, could obtain a dissolution of the garnishment process and a discharge of the garnishees by moving the court for such an order upon the ground of the untruthfulness of the allegations in the affidavit for garnishment and establishing by testimony the averments of his motion.

Counsel for plaintiff seek to destroy the force of this case by contending that the motion was heard upon agreement of the parties, and the power of the court to make the order was not questioned. A careful reading of the opinion of the court, however, discloses that this contention is not sustained by the opinion. The subject of the agreement was as to the issues raised by the motion, and not as to any power of the court to hear same, or to make an order thereon. Plaintiff's contention, that there is no evidence to support the order of dissolution upon the ground upon which it was dissolved, cannot be sustained. There is an abundance of evidence in the record tending to support the conclusion the court reached.

Finding no error requiring a reversal of the cause, the judgment of the lower court is affirmed.

TURNER, C. J., and KANE and WILLIAMS, JJ., concur; DUNN, J., absent and not participating.