**GENERAL SUPPLY COMPANY, Appellee,**

v.

**PINNACLE DRILLING FLUIDS, INC. and Craig Carter, Defendants,**

and

**Stillwater National Bank & Trust Company, Appellant.**

No. 70079.

Supreme Court of Oklahoma.

Feb. 12, 1991.

Mark K. Stonecipher, Matthew L. Standard, Kirk & Chaney, Oklahoma City, for appellee.

R.L. Hert, Jr., Hert, Baker & Kistler, Stillwater, for appellant.

ALMA WILSON, Justice:

General Supply Company (Plaintiff) sued Pinnacle Drilling Fluids, Inc., and Craig Carter as guarantor on an open account. Although an entry of appearance was filed on behalf of the defendants, no answer was ever made and Plaintiff moved for a default judgment against Craig Carter only. The judgment was granted on October 31, 1986, in the amount of $52,989.57, plus interest and attorney fees, and was filed on December 2, 1986.

A *wage* garnishment summons, filed March 23, 1987, was issued to the Bank upon property belonging to "Craig Carter d/b/a Pinnacle Drilling Fluids" and referencing the garnishee to the style of the case which listed "PINNACLE DRILLING FLUIDS and CRAIG CARTER" as defendants. The answer states that the Bank was served on March 30, 1987, and that the balance of defendant's account was $167.97. That amount was subsequently submitted to the Court Clerk along with a letter dated April 6, 1987, and filed the next day. Plaintiff objected to the Bank's answer and served interrogatories on the Bank.

The record reveals that the Bank froze an account registered in the name of "PINNACLE DRILLING FLUIDS, INC." with the signature card being signed by Craig Carter whose title is noted as "Owner." But the account was not frozen until six days after the Bank admitted receiving the garnishee summons. The answers to Plaintiff's interrogatories revealed that at the time the summons was received, the corporation had a balance of $4,340.32 in its account. Plaintiff argued that this was the amount it was entitled to receive and requested a non-jury trial to settle the controversy. The Bank and then the Plaintiff moved for summary judgment, each asserting that there were no facts in controversy.

In its Motion for Summary Judgment the Bank alleged that Plaintiff had a judgment against Craig Carter, not against Pinnacle Drilling Fluids, Inc., that Plaintiff issued a wage garnishment, and that the Bank had never employed Craig Carter, nor Craig Carter doing business as Pinnacle Drilling

Fluids. The Bank further stated that it never had an account owned by or registered in the name of Craig Carter or Craig Carter doing business as Pinnacle Drilling Fluids, but did have an account in the name of Pinnacle Drilling Fluids, Inc. The Bank then stated that it had mistakenly answered the garnishee summons and debited the account of Pinnacle Drilling Fluids, Inc. in the amount of $167.97 and that because that corporation was not a judgment debtor of Plaintiff, the Bank admitted liability to the corporation.

Plaintiff responded to the Bank's motion and filed its own motion for summary judgment. It responded that the bank had received the garnishee summons on March 28, 1987, at which time it was in possession of $4,367.97 belonging to the debtor, Craig Carter, but that the Bank had waited six days to respond thereby allowing most of the funds in the account to be withdrawn. Plaintiff alleged that due to the Bank's failure to withhold the funds of the debtor, the Bank was liable to the Plaintiff for $4,200.00, the amount withdrawn. The response argues that the Bank had resorted to "hyper-technical arguments" concerning irregularities and defects in the form of the summons but that because the Bank had answered the summons, it had waived those irregularities. As undisputed facts, the Plaintiff stated that it had a judgment against Craig Carter, that seven months prior to that judgment the corporate charter of Pinnacle Drilling Fluids, Inc. had been suspended by the Secretary of State upon the order of the Oklahoma Tax Commission for failure to file an annual franchise tax return. The Plaintiff stated that it issued a garnishment on March 23, 1987, to the Bank as garnishee, which was received by the Bank on March 28, 1987, but not answered until April 3, 1987. Plaintiff argues that because the corporate charter of Pinnacle Drilling Fluids, Inc. was suspended, and Craig Carter was the sole shareholder, he became the owner of the property of Pinnacle and concludes that the funds in the Pinnacle account were subject to Plaintiff's garnishment. In the Bank's reply, the arguments of Plaintiff were controverted.

On November 20, 1987, the trial court heard arguments and reviewed the evidence submitted by the parties in support of their motions. The court granted Plaintiff's motion and awarded judgment for $4,367.97 as actual damages, less $166.29 which had been paid by the garnishee, for a total judgment of $4,201.68. The Court of Appeals additionally awarded an attorney's fee to be set later. After that hearing, the trial court awarded a fee of $2,500.00 plus $20.00 in costs.

District Court Rule 13 covers the subject of summary judgment. If the trial court correctly concludes that there is no substantial controversy as to any material fact and that one of the parties is entitled to judgment as a matter of law, the court shall render judgment to that party whether or not he is the moving party. 12 O.S. Supp.1990, ch. 2, app., Rule 13(e).

■ We first observe the elementary rule that a judgment creditor must not garnish property of parties which are foreign to the judgment. A major reference work routinely consulted by lawyers states:

> It is necessary, of course, that the property attached or garnished be that of the defendant in the main action, or that he have some right to or interest in it; otherwise a claim for wrongful or malicious attachment may arise. An attachment against corporate property cannot be maintained in an action against a stockholder.

6 Am.Jur.2d *Attachment and Garnishment* § 92 (1963), footnotes omitted. Until Plaintiff obtained a judgment against Pinnacle Drilling Fluids, Inc. on May 27, 1987, Pinnacle was a stranger to the judgment which had been obtained against Craig Carter. As stated in *Bill Hodges Truck Co. v. Kaw Drilling Co.*, 465 P.2d 757, 760 (Okla. 1970):

> In our opinion, it is elementary that jurisdiction to control money, or an interest or potential interest, therein, belonging to an ostensible stranger to a judgment, can never be obtained in garnishment proceedings, instituted *after* the judgment, before it has been judicially determined

that such party is, or should have been, a judgment debtor under the judgment. To hold otherwise, and to allow a garnisher to bring into judicial custody the property of such a stranger, by the simple device of writing its name into garnishment affidavits and summonses in such a way as to make it appear that such party had been a "defendant" in the action in which the judgment was entered, would make a mockery of due process, defeat the ends of justice, encourage sharp practice, and result in chaos.

When Plaintiff suffixed the expression "d/b/a Pinnacle Drilling Fluids" to the judgment debtor's name, the Plaintiff was attempting to bring into custody the property of a stranger to the action. The Plaintiff cites no legal authority which entitles it to make such an addition to the summons.

■ Plaintiff argues that the Bank waived any defects or irregularities in the form of the garnishee summons. There may be some substance in the argument that by answering, the Bank waived the defect of receiving a wage garnishment summons instead of a general garnishment summons. Even so, attempting to garnish Pinnacle Drilling Fluids, Inc., a party which was not a judgment debtor, is not the type of defect which is waived by an answer. Plaintiff cites *Voss Truck Lines v. Citizens–Farmers Nat'l Bank*, 187 Okla. 289, 102 P.2d 173 (1940) for the rule that a writ of garnishment is process, and defects or irregularities in process which go to the form rather than to the substance are not jurisdictional. We observe that naming a party foreign to the judgment in a garnishee summons is not a defect of form, but one of substance. The garnishee does not waive that defect by answering.

Plaintiff could have taken judgment against Pinnacle Drilling Fluids, Inc., but chose not to do so until after Plaintiff had attempted to garnish the corporate account. After deciding on its own that the corporate funds now belonged solely to Craig Carter, and without any evidence presented of a dissolution of the corporation having occurred, the Plaintiff suffixed the name of Pinnacle Drilling Fluids to that of the judgment debtor as though the two were identical. In fact, the statutes state that no corporation shall be dissolved pursuant to the provisions of the Oklahoma General Corporation Act until all franchise taxes due to or assessable by the state have been paid by the corporation. 1986 Okla.Sess.Laws, ch. 292, § 98, codified at 18 O.S.Supp.1990, § 1098.

We must conclude that the issuance of the garnishee summons was an improvident issuance of the court's process. The trial court has the inherent power to remedy such an issuance and to protect against abuses of process. As held in *Ed Hockaday & Co. v. King*, 31 Okla. 127, 120 P. 565 (1912):

Courts will not permit their process to be employed for improper and unauthorized purposes; and where a court's attention is called by a motion to facts showing that the authority of the court to issue garnishment summons has been abused by the procurement thereof upon false statements, it is the duty of the court to render relief by dissolving such garnishment.

The affidavit which commences garnishment is fatally flawed by an incorrect description of the judgment debtor. This case should have been dismissed upon the Bank's motion for summary judgment which, in essence, attacks the affidavit. Accordingly, the judgment of the trial court is reversed and this case is remanded with directions to grant the Bank's motion for summary judgment for want of jurisdiction.

CERTIORARI PREVIOUSLY GRANTED, OPINION OF THE COURT OF APPEALS VACATED, JUDGMENT OF THE TRIAL COURT REVERSED AND REMANDED WITH DIRECTIONS.

LAVENDER, DOOLIN and KAUGER, JJ., concur.

SIMMS, J., specially concurs, I would withdraw certiorari as improvidently granted.

OPALA, C.J., concurs in result.

HARGRAVE and SUMMERS, JJ., dissent.