2001 OK CIV APP 124

Thomas R. HUTCHINSON,
Plaintiff/Appellant,

v.

Lewis N. CARTER, individually and as a member of the firms of Doerner, Stuart, Saunders, Daniel & Anderson; Doerner, Stuart, Saunders, Daniel, Anderson & Biolchini; and Doerner, Saunders, Daniel & Anderson; Doerner, Stuart, Saunders, Daniel & Anderson; an Oklahoma partnership; Doerner, Stuart, Saunders, Daniel, Anderson & Biolchini, an Oklahoma partnership; Doerner, Saunders, Daniel & Anderson, an Oklahoma partnership; Doerner, Saunders, Daniel & Anderson, L.L.P.; Neal Gerber & Eisenberg, an Illinois partnership; George M. Hoffman, individually and as a member of the Neal Gerber & Eisenberg firm; Richard Brady Pfeil; and Mary Joan Pfeil, Defendants/Appellees.

No. 95,301.

Court of Civil Appeals of Oklahoma,
Division No. 3.

April 12, 2001.

Joan Godlove, Tulsa, OK, for Plaintiff/Appellant.

John H. Tucker, Michael F. Smith, Rhodes, Hieronymus, Jones, Daniel & Anderson; Doerner, Stuart, Jones, Tucker & Gable, Tulsa, OK, For Defendants/Appellees Lewis N. Carter, Doerner, Stuart Saunders, Saunders, Daniel Anderson & Biolchini; Doerner, Saunders, Daniel, & Anderson; and Doerner, Saunders, Daniel & Anderson, L.L.P.

Lewis N. Carter, Doerner, Saunders, Daniel & Anderson, L.L.P. Tulsa, OK, for Defendants/Appellees Neal Gerber & Eisenberg, George M. Hoffman, Richard Brady Pfeil, and Mary Joan Pfeil.

BUETTNER, Presiding Judge:

¶ 1 The trial court dismissed, with prejudice, Thomas R. Hutchinson's petition for fraud and misrepresentation against individual lawyers and law firms representing Defendants/Appellees Richard Brady Pfeil and Mary Joan Pfeil in a federal lawsuit, and for negligent supervision of the lawyers by the law firm in the federal lawsuit. We agree that the petition does not state a claim upon which relief could be granted and affirm the dismissal.

¶ 2 The motion to dismiss the pleading for failure to state a claim upon which relief can be granted contained matters outside the pleading; therefore the motion was treated as a motion for summary judgment. 12 O.S.1991 § 2012 (B).[1] Because "the decision involves purely legal determinations, the appellate standard of review of a trial court's grant of summary judgment is de novo." *Carmichael v. Beller*, 1996 OK 48, 914 P.2d 1051, 1053. "We, like the trial court, will examine the pleadings and evidentiary materials submitted by the parties to determine if there is a genuine issue of material fact." *Id.*

¶ 3 The Second Amended Petition alleges claims for fraud, deceit, and negligent supervision arising from legal and factual positions taken in hearings and pleadings filed by defendant law firms on behalf of their clients, the Pfeils, in a federal case filed by Hutchinson against the Pfeils. The federal case was

1. The 2000 amendments to 12 O.S. § 2012 do not modify this part of § 2012.

filed November 30, 1992. The Pfeils were successful on two of the asserted defenses, laches and statute of limitations, when the federal trial court granted summary judgment August 7, 1995. Hutchinson claims the fraud and deceit continued in the 10th Circuit Court of Appeals in the briefs filed by the law firms. The 10th Circuit affirmed the judgment January 22, 1997, (*Hutchinson v. Pfeil,* 105 F.3d 562 (10 Cir. 1997)), and the United States Supreme Court denied certiorari October 14, 1997.

¶ 4 Appellees/Defendants moved for dismissal on the grounds that (1) Oklahoma law does not recognize a civil cause of action for litigation-related misconduct; (2) a complaint which does not allege Plaintiff's reliance on representations does not state a claim for fraud as a matter of law; (3) the petition was based on alleged misrepresentations of law and opinion statements and, therefore, did not allege a claim of actionable fraud; (4) there was no antecedent criminal conviction, precluding Plaintiff from seeking treble damages for attorney misconduct (21 O.S.1991 575 ); and (5) because the allegations of fraud and misconduct fail, the claim for negligent supervision must fail. None of the grounds involve an affirmative defense.[2] "... [W]here defendant moves for a summary judgment and is not relying upon an affirmative defense, the defendant must show that there is no substantial controversy as to one fact material to plaintiff's cause of action and that this fact is in defendant's favor." *Runyon v. Reid,* 1973 OK 25, 510 P.2d 943,

946. "Once defendant has introduced evidentiary materials indicating that there is no substantial controversy as to one fact material to plaintiff's cause of action and that this fact is in defendant's favor, plaintiff then has the burden of showing that evidence is available which would justify a trial of the issue." *Id.*

¶ 5 The underlying federal action concerned Hutchinson's attempt to assert ownership over a painting by American impressionist Theodore Robinson entitled "Summer Hillside." After Robinson's death, this painting passed by intestate succession to his brother, Hamline Robinson, an ascendant of Hutchinson. Hamline's widow sold the painting to an art dealer in 1912. On behalf of the Pfeils, current owners of the painting, the law firms asserted that Hutchinson's claims were barred by laches and statutes of limitations, in part because Hutchinson's predecessors in interest knew of the sale and did nothing to recover the painting. This position prevailed.

¶ 6 After the federal lawsuit, Hutchinson filed this action alleging misconduct by the attorneys for the defendants in the federal lawsuit. The alleged misconduct consisted of denials and assertion of affirmative defenses in answers, representations of facts and law in pleadings and hearings, and ultimately, briefs filed in the 10th Circuit Court of Appeals. The petition, however, alleges nothing more that unactionable statements made by the lawyers in defending and advocating for their clients.[3] Defending on the

---

2. The Pfeils' motion to dismiss differs slightly from the above-cited law firms' motion. Their motion is grounded on their assertions that (1) the petition failed to state facts upon which a claim for fraud could be based; (2) there is no claim for fraud or misrepresentation when the statements are statements of law and legal opinions advanced by the attorney; (3) there can be no treble damage recovery for attorney misconduct absent an antecedent criminal conviction; (4) there can be no claim for negligent supervision because the attorney's duty is to his client and the court, not the party opponent; (5) any claim against the Illinois law firm and its lawyer, Hoffman, were barred by the statute of limitations, both of whom withdrew from representation of the Pfeils over five and ½ years prior to the filing of the petition.

3. Hutchinson made similar claims in the federal litigation in support of a motion to disqualify the Pfeils' counsel, defendants law firms here. The 10th Circuit stated:

> We find no merit to the Plaintiff's argument, which is based solely upon instances in which the Defendants' counsel took positions contrary to those taken by the Plaintiff's counsel. Defendants' counsel did no more than what they are entitled and required to do—zealously represent their clients by advancing arguments and factual interpretations favorable to their clients. *E.g.,* Okla. Rules of Prof. Conduct, preamble at 962 (West 1996). The record contains no evidence that Defendants' counsel at any time lied to the court or committed any other violation of the rules of professional conduct.

ground of laches, the successful defense, was neither fraudulent nor deceitful.[4] One statement to the court that Hutchinson relies upon was that Hutchinson "and his ancestors not only slept on their rights, they have literally hibernated," is nothing more than gentle hyperbole. It is not a ground for recovery under any theory.

¶ 7 It is black-letter law in Oklahoma that no civil remedy is available for litigation-related misconduct. *Patel v. OMH Medical Center, Inc.,* 1999 OK 33, 987 P.2d 1185, 1202, cert. denied 528 U.S. 1188, 120 S.Ct. 1242, 146 L.Ed.2d 100 (2000). Further, "... no civil action may be maintained for damages caused by perjury, whether the petition for damages refers to the tort as perjury or as fraud or deceit." *Id.* The Oklahoma Supreme Court's stated reasons for why there is no civil action for damages caused by perjury, are pertinent to the reasons why lawyer statements in litigation are also nonactionable. Those reasons include the need for finality of judgments and the possibility of multiplicity of suits by parties dissatisfied with the outcome of trials. *Cooper v. Parker-Hughey,* 1995 OK 35, 894 P.2d 1096, 1101.

¶ 8 With respect to misrepresentation, Appellees claim that Hutchinson failed to show reliance, an essential element of the tort, and that in any event, if there were misrepresentations, they would have been to the court and thus not actionable by Hutchinson, citing *Patel,* 1999 OK 33, 987 P.2d at 1202. We agree. It is patent that the federal court's judgment, that the action was too stale to litigate, most witnesses being long-since deceased, was based on incontrovertible fact and independent legal research. None of the allegations tendered in the Second Amended Petition relate to this obvious truth.

¶ 9 Attorney misconduct may be sanctioned by the court in which the misconduct occurred.[5] In addition, reports of alleged misconduct may be forwarded to the General Counsel's office of the Oklahoma Bar Association for investigation and appropriate action, up to and including recommendation of disbarment. But advocacy, even abusive advocacy, is not an independent tort that a party litigant may bring against a lawyer or his client outside the action in which the person believes the misconduct occurred.

¶ 10 Oklahoma criminal law permits civil treble damages for attorney deceit and collusion. 21 O.S.1991 § 575. However, Patel unequivocally states that the civil remedy requires an antecedent criminal conviction. 987 P.2d at 1204, n. 61. The statute makes it clear that any attorney who participates in deceit or collusion with the intent to deceive any party or the court is guilty of a misdemeanor and "in addition to the punishment prescribed therefor by this code, he forfeits to the party injured treble damages, to be recovered in a civil action." There was no showing that any of the lawyers had been convicted of a § 575 violation. The court properly rejected any claim based on § 575.

¶ 11 We also hold that the allegation of negligent supervision of the lawyers by the law firms was legally insufficient to survive the motion for summary judgment. Appellees won the federal lawsuit by proposing the successful defense, laches. Further, we have already held that there is no independent civil action for alleged attorney misconduct and, consequently, there is no cause for negligent supervision. cf. *Bladen v. First Pres-*

105 F.3d at 562, 565.

4. Alleged misrepresentations of fact or law regarding unsuccessful theories advocated in the federal action could not be the bases of fraud or deceit actions because neither reliance nor damages could be demonstrated. See *State ex. rel. Southwestern Bell Tel. Co. v. Brown,* 1974 OK 19, 519 P.2d 491, for elements of fraud.

5. Hutchinson is familiar with the law relating to sanctions. In the federal litigations sanctions of $7,417 and $5,000 were awarded against Hutchinson and his counsel. In an order dated Octo-

ber 20, 1998, the trial court stated that it was a close question whether the Hutchinson's entire case was frivolous, but decided that Hutchinson presented a novel claim under the law of partition which was non-frivolous,, even though it met with defeat at the district and circuit levels. The District Judge went on to say:

Laches clearly prevents the maintenance of this or like actions. Any further pursuit of such causes of action will be in direct defiance of existing law and clearly frivolous in their commencement. All such claims are time barred.

*byterian Church of Sallisaw,* 1993 OK 105, 857 P.2d 789, 797 (because the asserted underlying actions, alienation of affections and clergy malpractice for improper sexual conduct, were not cognizable, there can be no cause for negligent hiring or supervision by the church).

¶ 12 Finally, the statute of limitations for fraud is two years. 12 O.S.1991 § 95 (3). The alleged misconduct of the Illinois attorneys occurred over five years preceding the filing of the Oklahoma petition. The court properly dismissed this claim.

¶ 13 Hutchinson was allowed to amend his petition following Defendants' motions to dismiss. The trial court granted Defendants' motions to dismiss Plaintiff's Second Amended Petition thereby inferentially finding that the defects could not be cured. 12 O.S.1991 § 2012 (G). We agree.

¶ 14 We have held that Patel and Cooper control the fraud, deceit, and misrepresentation claims against Appellees. We have further determined that there is no support for a negligent supervision claim. There was no allegation of a criminal conviction of any of Appellees for misconduct in the federal action, a requirement of a § 575 civil action. Hutchinson presents no evidence to show that the allegations against the Illinois lawyer and his law firm were not time-barred. Finally, out of the blue, Hutchinson contends in his reply that because his adverse ruling was procured by fraud and collusion, he may collaterally attack the judgment. If so, this is the wrong court.

¶ 15 For the reasons expressed, and on de novo determination of the matter, we find that the trial court properly dismissed this action and therefore AFFIRM.

¶ 16 GARRETT, J. and JONES, J., concur.