2017 OK CIV APP 3

**Kristi STRICKLEN, Plaintiff/Appellant,**

**v.**

**O.I.P.M., L.L.C., Michael Anderson, and Fisher & Fisher, Defendants/Appellees.**

**Case Number: 114937**

Court of Civil Appeals of Oklahoma, Division No. 1.

Decided: 12/09/2016

Mandate Issued: 01/12/2017

Curtis L. Smith, Oklahoma City, Oklahoma, for Plaintiff/Appellant,

James K. Secrest, Secrest, Hill, Butler & Secrest, Tulsa, Oklahoma, for Defendant/Appellee, O.I.P.M., L.L.C.,

Charles L. Broadway, Oklahoma City, Oklahoma, for Defendant/Appellee, Michael Anderson, Susanna M. Gattoni, Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C., Oklahoma City, Oklahoma, for Defendant/Appellee, Fisher & Fisher.

Bay Mitchell, Judge:

¶1 Plaintiff/Appellant Kristi Stricklen ("Stricklen") appeals the trial court's dismissal of her claims against Defendants/Appellees O.I.P.M., L.L.C. ("OIPM"), Michael Anderson ("Anderson") and Fisher & Fisher ("Fisher & Fisher") (collectively, "Appellees"). The trial court dismissed Stricklen's suit for failure to state a claim upon which relief could be granted. Following our review of this accelerated appeal under Supreme Court Rule 1.36, we AFFIRM the decision of the trial court.

¶2 Stricklen's suit against Appellees stemmed from another lawsuit to collect unpaid medical bills in which she was the named defendant. OIPM provided medical services to Stricklen for which it was never paid. OIPM solicited the services of the law firm of Fisher & Fisher to file a collection action against Stricklen. Fisher & Fisher initiated the collection action in Oklahoma County District Court (hereinafter the "underlying lawsuit" or "collection action") and hired Anderson to serve Stricklen. Anderson provided an affidavit to Fisher & Fisher stating he obtained personal service on Stricklen. The affidavit was filed as Fisher & Fisher's proof of service in the underlying lawsuit. Stricklen never filed an answer or otherwise responded, and OIPM, through its counsel, Fisher & Fisher, obtained a default judgment against Stricklen. Fisher & Fisher initiated garnishment proceedings against Stricklen. At that point, Stricklen hired an attorney who contacted Fisher & Fisher to inform them Stricklen had never been served with the underlying lawsuit. Fisher & Fisher then suspended the garnishment proceedings. Before Fisher & Fisher could vacate the judgment in the collection action, Stricklen filed a separate lawsuit against Appellees for "fraud, deceit, abuse of process, intentional infliction of intentional tort (sic), and slander." Stricklen claimed she never lived at the address listed in Anderson's affidavit and that she never received service of process in the underlying lawsuit. She also disputed the bill of OIPM which gave rise to the collection action. Lastly, Stricklen claimed the garnishment was "wrongful" and based on a "void judgment." Eventually, Fisher & Fisher vacated the default judgment in the underlying litigation, and it remains pending.

¶3 In separate motions to dismiss based on 12 O.S. 2012(B)(6), Appellees argued Stricklen failed to state a claim upon which relief could be granted because no civil remedy exists for litigation related misconduct. Additionally, OIPM and Fisher & Fisher argued Stricklen failed to state a claim for wrongful garnishment. The trial court initially granted only Fisher & Fisher's motion to dismiss but denied the motions of OIPM and Anderson. OIPM and Anderson each filed separate answers to Stricklen's Petition followed by a motion for summary judgment filed by OIPM and joined by Anderson. OIPM presented essentially the same arguments in its summary judgment motion as were presented in its motion to dismiss.

¶4 At the hearing on the summary judgment motion, OIPM clarified for the trial court that the underlying lawsuit was still pending in Oklahoma County. Stricklen's counsel agreed with this representation but had earlier indicated that the underlying lawsuit was on appeal or otherwise in a procedural posture which prevented Stricklen from obtaining relief. OIPM argued to the trial court that all of Stricklen's claims could be addressed in the underlying lawsuit and urged the trial court to reconsider its earlier denial of its motion to dismiss or to grant summary judgment in its favor. Counsel for Anderson joined in this argument. Following oral argument, the trial court reversed its earlier denial of OIPM and Anderson's motions to dismiss and granted the same. On appeal, Stricklen argues the "civil immunity" defense does not apply to Appellees and that Anderson failed to preserve the affirmative defense in his motion to dismiss.

¶5 "A trial court's dismissal of an action for failure to state a claim is reviewed *de novo. Lockhart v. Loosen*, 1997 OK 103, 4, 943 P.2d 1074. The function of a motion to dismiss is to test the law of the claims, not the facts supporting them. *Zaharias v. Gammill*, 1992 OK 149, 6, 844 P.2d 137, 138. Thus, the question before us is whether, taking all of Stricklen's factual allegations as true, she is precluded from recovering as a matter of law. Here, Stricklen claims Anderson lied in the affidavit where he claimed to have accomplished personal service on her and that, because of this false affidavit, the resulting judgment and garnishment were wrongful. Following our review of the record and law, we agree with Appellees that Stricklen has not stated a claim upon which relief can be granted.

¶6 Pursuant to both common and statutory law, Oklahoma recognizes the "litigation privilege" which "accords attorneys, parties, jurors and witnesses immunity for comments or writings made during the course of or preliminary to judicial or quasi-judicial proceedings." *Samson Investment Co. v. Chevaillier*, 1999 OK 19, 5, 988 P.2d 327; 12 O.S. 1443.1.[1] This privilege applies "regardless of whether [the communications] are true or false." *Samson*, 1999 OK 19, 8, 988 P.2d 327. Relatedly, Oklahoma offers no civil remedy for litigation related misconduct. *Patel v. OMH Medical Center, Inc.*, 1999 OK 33, 43–47, 987 P.2d 1185. "[N]o civil action may be maintained for damages caused by perjury, whether the petition for damages refers to the tort as perjury or as fraud or deceit." *Id.* at 44.

The Oklahoma Supreme Court's stated reasons for why there is no civil action for damages caused by perjury, are pertinent to the reasons why lawyer [party, juror, and witness] statements in litigation are also non-actionable. Those reasons include the need for finality of judgments and the possibility of multiplicity of suits by parties dissatisfied with the outcome of trials." *Hutchinson v. Carter*, 2001 OK CIV APP 124, 7, 33 P.3d 958 (citing *Cooper v. Parker–Hughey*, 1995 OK 35, 26, 894 P.2d 1096, 1101).

These authorities demonstrate that, even if Stricklen's allegation that Anderson lied in his affidavit where he stated he obtained personal service on her is true and that the wrongful judgment and garnishment followed as a result, Stricklen cannot obtain relief in a separate suit. *E.g. Patel*, 1999 OK 33, 44, 987 P.2d 1185. Rather, such an allegation is a defense to the underlying collection action and must be asserted in that suit. 12 O.S. 2004, 2008, 2012. Additionally, to the extent any of the actions on the part of OIPM and Fisher & Fisher, in the form of relying on the allegedly false affidavit and obtaining the default judgment and proceeding with garnishment, could have constituted misconduct, such misconduct may be sanctioned by the court in which the misconduct occurred. 12 O.S. 2011(B)–(C). Further, our review of Anderson's motion to dismiss showed that he presented his position to the trial court that Stricklen failed to state a cause of action

1. Section 1443.1—Privilege communication defined—Exemption from libel, provides in pertinent part:
A. A privileged publication or communication is one made:

First. In any legislative or judicial proceeding or any other proceeding authorized by law;
Second. In the proper discharge of an official duty. . . .

upon which relief could be granted because there was no civil remedy for litigation related misconduct. Although Anderson did not explicitly use the term "civil immunity," he clearly articulated his theory of why Stricklen's claims should be dismissed.

¶7 While Oklahoma law recognizes the tort of "wrongful garnishment," such a cause of action arises normally when property is attached or garnished which is not that of the judgment debtor. *General Supply Co. v. Pinnacle Drilling Fluids, Inc.*, 1991 OK 10, 806 P.2d 71. Similarly, under certain circumstances, a court may dissolve a garnishment when it was obtained based upon false statements in the garnishment summons and affidavit, such as an incorrect description of the judgment debtor. *Id.* at 12. Here, Stricklen's Petition set forth only conclusory statements that the garnishment was a "wrongful garnishment" based on a "void judgment" which was obtained by "fraud and in violation of due process." The "fraud" Stricklen complained of was the allegedly false affidavit of Anderson where he claimed to have accomplished personal service on her. There is no allegation that OIPM or Fisher & Fisher sought to garnish property that did not belong to Stricklen, that the judgment debtor was misidentified, or that the garnishment summons and affidavit themselves were somehow irregular. Rather, Stricklen's challenge was an improper collateral attack on the judgment (subsequently vacated voluntarily by Fisher & Fisher).[2] Further, like Stricklen's other claims for relief, this cause of action relies on privileged litigation communication—Anderson's affidavit of service. *See* para. 6, *supra.*

¶8 The trial court correctly concluded that Stricklen failed to state a claim upon which relief could be granted. The decision of the trial court is AFFIRMED.

BUETTNER, V.C.J., P.J., and GOREE, J., concur.

2. "A 'collateral attack' is an attempt to avoid, defeat, evade, or deny the force and effect of a final order or judgment in an incidental proceeding other than by appeal, writ of error, certiorari, or motion for new trial." *Woods Petroleum Corp. v. Sledge*, 1981 OK 89, n. 4, 632 P.2d 393.